## 45286. SORROUGH v. SMITH.

Evans, Judge. 1. The appeal is from a judgment, "dated January 13, 1970, sustaining a motion on behalf of the defendant, Eddie Smith, for a directed verdict." Examination of the judgment shows it followed the verdict which was "by direction of the court." This is a final judgment which is no longer pending in the court below. *Code Ann.* § 6-701 (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073). Compare *Crowe v. Holloway Development Corp.*, 114 Ga. App. 856 (1) (152 SE2d 913). The motion to dismiss is denied.

2. Except in plain and palpable cases questions of whether or not the negligence shown is gross or ordinary are always for determination by the jury. *Fortner v. McCorkle*, 78 Ga. App. 76 (50 SE2d 250); *Malcom v. Malcolm*, 112 Ga. App. 151 (144 SE2d 188). Since gross negligence is that failure to exercise slight diligence which is the care which every man of common sense takes of his own property, the facts here were such that a jury could have found the plaintiff was riding as a guest in the auto of the defendant who, with total disregard of his own safety as well as that of the passenger, struck another vehicle in the rear because he was inattentive and unaware of the presence of the automobile clearly visible in his path, all of which was for determination by the jury. No skid marks were apparent to show he braked the car, although he testified he did, striking a car in the rear traveling 5 to 10 miles per hour or completely stopped in the center of the road, at a speed estimated from 25 to 40 miles per hour; the driver allegedly admitting to the plaintiff "I am bound to be wrong because I hit him in the rear end" and "wasn't watching what [I] he was doing." The lower court erred in directing the verdict.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

ARGUED APRIL 14, 1970—DECIDED MAY 25, 1970—
REHEARING DENIED JUNE 5, 1970—

Scott & Alexander, Guy B. Scott, Jr., for appellant.

Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis, for appellee.

### ON MOTION FOR REHEARING.

The motion for rehearing strongly urges that the appeal in this case should be dismissed because it was an appeal from the direction of a verdict rather than from the judgment of the court on that verdict. The transcript discloses that the trial court directed the verdict following a motion therefor and instructed the jury to find for the defendant, which the jury executed as their verdict, and thereafter the written judgment of the court was entered up, premised on that verdict. The notice of appeal is from "the order of the Superior Court of Clarke County, Georgia, dated January 13, 1970, sustaining a motion in behalf of the defendant, Eddie Smith, for a directed verdict in his behalf." The only order shown in the record or the transcript, signed by the judge of the court, dated January 13, 1970, is the *judgment of the court* based on the verdict of the jury which had been directed. The case cited by movant (*Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604) is clearly an appeal from "the order of the court sustaining the appellees' motion for a directed verdict against the appellant *and the verdict thereafter,* on the same date, rendered at the direction of the court"; thus the sequence in which the above language appears clearly shows it to have been an appeal from a verdict, contrary to the situation existing in the case sub judice. (Emphasis supplied.)

*Motion for rehearing denied.*