## 25987. SMITH v. SORROUGH.

ARGUED SEPTEMBER 15, 1970—DECIDED OCTOBER 8, 1970.

*Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis,* for appellant.

*Scott & Alexander, Guy B. Scott, Jr.,* for appellee.

GRICE, Justice. We review here a judgment of the Court of Appeals denying an appellee's motion to dismiss the appeal on the ground that the notice of appeal fails to set forth a judgment, ruling, or order entitling the appellant to take an appeal.

The appellee contends that the appellant seeks review of an order sustaining the appellee's motion for directed verdict, and urges that *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604) requires that the appeal be dismissed.

The appellant, on the other hand, maintains that the appeal is from the judgment based upon the verdict which had been directed, that therefore the *Hurst* case, supra, is not applicable, and that the motion to dismiss was properly denied.

An evaluation of these contentions requires reference to salient portions of the record, including the transcript of the proceedings.

Joseph V. Sorrough, the appellant in the Court of Appeals, and the respondent in certiorari in this court, was the plaintiff in an action in the Superior Court of Clarke County seeking damages for personal injuries against Eddie Smith, the appellee in the Court of Appeals, and the petitioner in certiorari in this court.

Upon conclusion of the plaintiff's evidence, the defendant orally moved for a directed verdict.

The trial judge stated that there was no issue for the jury as to gross negligence, "and under those circumstances the law

makes it my responsibility to direct a verdict in favor of the defendant if a motion is made in his behalf, and such a motion has been made and I am granting it. . ."

The verdict, signed by the foreman, dated and filed on January 13, 1970, recited in essential part, "By direction of the court, we the jury find in favor of the defendant and against the plaintiff."

Thereupon judgment was entered by the court and filed the same day, January 13, 1970. It provided materially as follows: "The jury having returned a verdict in favor of the defendant and against the plaintiff, the verdict of the jury is made the judgment of the court and costs are charged against the plaintiff. . ."

The plaintiff's notice of appeal, insofar as necessary to state here, asserted that "Notice is hereby given that . . . [he] hereby appeals . . . from the order of the Superior Court of Clarke County, Georgia, dated January 13, 1970, sustaining a motion on behalf of the defendant . . . for a directed verdict in his behalf. . ."

The Court of Appeals denied appellee's motion to dismiss the appeal and reversed the trial court's direction of the verdict.

We granted appellee's application for certiorari because it involves a question of appellate practice and procedure which we deem to be of gravity and importance.

1. In view of what the record shows transpired and the language of the notice of appeal, we have concluded that the appeal is from the trial court's order granting the motion for directed verdict, not from the judgment based upon such verdict.

The fact that the only signed judgment, the judgment on the directed verdict, is dated January 13, 1970, does not prove that the plaintiff appealed from that judgment instead of the order granting the motion for directed verdict. The record shows that by oral order the trial court granted the motion to direct a verdict. Since the order was oral it could not bear a date, but the record shows that it, too, transpired on January 13, 1970. Under this situation, we can only conclude that the notice of appeal meant what it said, that the appeal is "from

the order . . . dated January 13, 1970, sustaining a motion on behalf of the defendant for a directed verdict."

2. Since, as ruled in the preceding division, the appeal is from the sustaining of a motion for directed verdict, it should have been dismissed in view of the *Hurst* case, 226 Ga. 42, supra.

The notice of appeal in that case had two prongs, the oral order sustaining the motion for directed verdict and the verdict thus rendered, the notice of appeal reciting that it was from the order granting the motion for directed verdict and from the verdict rendered by direction. The motion to dismiss averred that the notice of appeal failed to set forth a judgment, ruling or order entitling the taking of the appeal.

In that case, this court dealt with both facets. It first held that a verdict of a jury, whether directed or by deliberation, is not an appealable judgment. Also, and of decisive consequence here, it then held, "Neither is the sustaining of a motion for directed verdict an appealable judgment under any of the provisions of . . . [the Appellate Practice Act]."

That decision is controlling here.

For the foregoing reasons, the judgment of the Court of Appeals is

*Reversed. All the Justices concur.*