45625.   HICKS v. SEABOARD COAST LINE
RAILROAD COMPANY.

JORDAN, Presiding Judge. The plaintiff, Lula Green Hicks, was fishing at a place generally frequented by fishermen on the east side of the Flint River under or almost under the trestle of the defendant railroad across the river when she sustained injuries by a falling log which allegedly came from one of four cars loaded with pulpwood on one of the defendant's trains moving across the trestle. She appeals from a directed verdict and judgment for defendant. *Held:*

1. Applying the ruling in *Atlanta & W. P. R. Co. v. Wise,* 190 Ga. 254 (9 SE2d 63); s. c., 61 Ga. App. 372 (6 SE2d 135), the situation here disclosed is outside the scope of the statutory rules applicable to the owner or occupier of land to keep the premises and approaches safe for persons coming thereon, including the provisions added by the adoption of the Code of 1933 and appearing in *Code* § 105-402, limiting liability to "a licensee only for wilful or wanton injury" which did not nullify prior decisions of the Supreme Court and this court with respect to the liability of a railroad for injuries resulting from the operation of trains. As we understand these cases, a railroad and its servants are generally under a duty to take such precautions to prevent injury to persons in the vicinity of the tracks where their presence is known or may be anticipated, e.g., a place habitually frequented by the public, as would meet the require-

ments of ordinary care. See *Bullard v. Southern R. Co.,* 116 Ga. 644 (43 SE 39); and, for recent application, *Seaboard C. L. R. Co. v. Clark,* 122 Ga. App. 237 (176 SE2d 596).

2. In view of the foregoing, we consider it immaterial whether the Flint River is navigable at Montezuma at the place of the plaintiff's injuries, as the duty of the defendant to the plaintiff would be unaffected by a determination of whether she was fishing on a nonnavigable stream, and therefore on railroad property, or fishing within the low water area covered by a navigable stream, and therefore on public land, as governed by application of *Code* § 85-1302 et seq.

3. Accordingly, as the evidence would authorize a jury determination that the plaintiff was in the vicinity of a moving train in a position of danger under circumstances whereby her presence was known, or should have been anticipated by the railroad and its servants, thereby obligating the railroad and its servants to meet the requirements of ordinary care to avoid injury to her, and as there is evidence to authorize an inference that the railroad and its servants may have failed to meet these requirements, the trial judge erred in directing a verdict for the defendant.

4. The asserted error of the trial judge in ruling that the plaintiff as a married woman could not recover for her medical expenses is not supported by the transcript. Although the trial judge first ruled that she could not recover, he then agreed to hold the matter open to allow counsel to present authority to the contrary. The general rule, as first recognized by the trial judge, is subject to exception, if it should appear from the proof that in fact the wife, and not the husband, is obligated to pay for the treatment. See *Herring v. Holden,* 88 Ga. App. 212 (76 SE2d 515); *Bell v. Proctor,* 92 Ga. App. 759 (90 SE2d 84).

5. The trial judge did not err in refusing to allow testimony of the manner in which the defendant operated trains in a congested area of Montezuma which is not shown to have any direct relationship to the manner in which trains are operated across the trestle between Montezuma and Oglethorpe.

6. We think the repeated rulings of the trial judge in limiting the efforts of counsel for the plaintiff to adduce testimony from

servants of the defendant concerning their knowledge and experience with respect to pulpwood falling from loaded cars were unduly restrictive, particularly insofar as this testimony might have disclosed knowledge of the probability of pulpwood being dislodged from loaded cars while a train was moving across the trestle at the scene of the occurrence. Likewise, we think the trial judge may have been unduly restrictive in his rulings relating to the efforts of counsel to adduce testimony concerning the bent superstructure of the bridge as a possible cause of dislodging pulpwood from cars moving across the trestle. In view of a reversal of the judgment for the reason stated in Division 3, however, it is unnecessary to determine whether the above rulings constitute reversible error.

6. The remaining enumerations are without merit.

*Judgment reversed. Eberhardt and Pannell, JJ., concur.*
ARGUED SEPTEMBER 14, 1970—DECIDED NOVEMBER 17, 1970—REHEARING DENIED DECEMBER 8, 1970—CERT. APPLIED FOR.

*W. F. Blanks, Walter S. Chew, Jr.,* for appellant.
*Jay, Garden & Sherrell, Clayton Jay, Jr.,* for appellee.

ON MOTION FOR REHEARING.

The appellee in its motion for rehearing for the first time raises the question of the jurisdiction of this court and moves for a dismissal of the appeal based upon *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246). We have reviewed the record in that case and compared it with the record in this case and note a valid distinction between the two cases.

The notice of appeal in the *Smith* case, supra, p. 745, merely appeals "from the *order* of the Superior Court of Clarke County, Georgia, dated January 13, 1970, sustaining a motion on behalf of the defendant . . . for a directed verdict in his behalf . . ." (Emphasis supplied.) In its opinion, the Supreme Court stated that in view of "the *language* of the notice of appeal, we have concluded that the appeal is from the trial court's *order* granting the motion for directed verdict, not from the judgment based upon such verdict." (Emphasis supplied.)

The notice of appeal in this case has noticeably different lan-

guage and in part reads as follows: "Notice is hereby given that . . . plaintiff . . . hereby appeals to the Court of Appeals of the State of Georgia from the *judgment* granting the motion of the defendant for a directed verdict, said order being dated May 1970, and filed the same date, *signed* by the Honorable T. O. Marshall, Judge of the Superior Court of Macon County, Georgia. . ." (Emphasis supplied.)

It is abundantly clear from the language used in this notice of appeal that the appeal is from the written *judgment* duly dated, signed, filed and entered on the verdict. It is the only judgment in the record and is a final appealable judgment.

It is also noted that the first enumeration of error in the *Smith* case, supra, merely states "the judge . . . erred in sustaining a motion on behalf of the defendant for a directed verdict. . ." The enumeration of error in the case sub judice stated that "the trial court erred in directing a verdict *and entering judgment* in favor of appellee . . . in the court below (R-114 Verdict and Judgment of 19 May, 1970.)"

In conformity with the clear intent of *Code Ann.* § 6-809 (d) (Section 3, Ga. L. 1968, pp. 1072, 1074), this court had absolutely no problem in determining what judgment was appealed from and what errors were sought to be asserted upon the appeal. We accordingly accepted jurisdiction and ruled upon the merits of the case. The motion to dismiss is therefore without merit.

*Judgment adhered to on motion for rehearing.*

PANNELL, Judge, concurring specially. I concur specially in the judgment overruling the motion to dismiss. In my opinion, the only feature in the present case which distinguishes it from *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246) is the language further describing the judgment, order, or ruling on which the appeal is based as being one "signed by the Honorable T. O. Marshall, Judge of the Superior Court, Macon County, Georgia." The only judgment, ruling, or order of the date described *signed* by the trial judge in the record is the judgment on the verdict, which is not the judgment, ruling, or order elsewhere described in the notice of appeal as the one "granting the motion of the defendant for a directed verdict." Accordingly, the reference to the record makes certain that which is uncertain in the notice of appeal and

the judgment, ruling, or order appealed from becomes apparent.