## 27049. WOOD v. ATKINSON.

GUNTER, Justice. We have presented a rather unusual question for decision under the Appellate Practice Act of 1965 as amended.

Mr. Wood and Mrs. Atkinson were formerly husband and wife, but they obtained a divorce in Fulton Superior Court in 1959. The divorce decree required Mr. Wood to make child support payments to his former wife. Pursuant to *Code* § 30-204 Mrs. Atkinson in 1970 obtained a fi. fa. against Mr. Wood for what she claimed to be unpaid child support payments. Mr. Wood, contending that he did not owe the child support payments since the child had been directly supported and educated by him subsequent to the divorce decree, brought an action below to have the fi. fa. canceled and also to enjoin its enforcement.

In his suit Mr. Wood attacked *Code* § 30-204 as being unconstitutional in that it allowed the issuing of a fi. fa. and the placing of a fi. fa. on the general execution docket without notice or the right to a hearing by the party against whom the fi. fa. is issued.

At a temporary hearing, held before Mrs. Atkinson had filed her responsive pleadings, the trial judge rendered written findings of fact and conclusions of law in which he concluded that *Code* § 30-204 is not unconstitutional. Following his conclusions of law, the trial judge rendered a judgment which temporarily enjoined Mrs. Atkinson from enforcing the fi. fa. This document, containing findings of fact, conclusions of law, and the judgment, was filed with the clerk of the trial court on October 14, 1971.

Mrs. Atkinson filed a notice of appeal on November 15, 1971. Mr. Wood filed a notice of cross appeal on November 19, 1971. Mr. Wood then filed in this court a motion to dismiss the appeal of Mrs. Atkinson on the ground that it was not filed within the 30-day period as required by the Appellate Practice Act (*Code Ann.* § 6-803 (a)).

Mrs. Atkinson, apparently conceding that she had not properly perfected her appeal to this court, did not thereafter file an enumeration of errors or a brief in this court after the case was docketed.

What we have here then is an attempted appeal and an attempted cross appeal from a judgment below which merely granted a temporary injunction against Mrs. Atkinson, the defendant below. A judgment granting a temporary injunction is appealable under the Appellate Practice Act, but in order to give the appellate court jurisdiction of the appeal a notice of appeal *shall* be filed within 30 days after entry of the appealable judgment complained of. See *Code Ann.* § 6-803 (a). Art. VI, Sec. II, Par. IV of the Georgia Constitution (*Code Ann.* § 2-3704) provides, in part, as follows: "The General Assembly may provide for carrying cases or certain classes of cases to the Supreme Court and the Court of Appeals from the trial courts otherwise than by writ of error, and may prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court or Court of Appeals." Pursuant to this constitutional authorization, the General Assembly enacted the Appellate Practice Act of 1965 which prescribes the conditions "as to the right of a party litigant to have his case reviewed . . ." We view these prescribed conditions as jurisdictional. One of the prescribed conditions, necessary to confer jurisdiction in the appellate court, is that a notice of appeal shall be filed within 30 days after the entry of the appealable judgment.

This condition was not met in this case. Therefore, this court is without jurisdiction to consider the appeal; in fact, this appeal has previously been dismissed for want of prosecution.

We now come to the question of the cross appeal. When this court does not have jurisdiction to consider an appeal, does it have jurisdiction to consider a cross appeal?

The Appellate Practice Act (*Code Ann.* § 6-803 (a)) with respect to cross appeals provides as follows: "In civil

cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by appellant, and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him, and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal."

We interpret this language to mean that a valid appeal from a judgment must be perfected in accordance with the Appellate Practice Act, so as to give the appellate court jurisdiction, before a cross appeal by any other party to the case can be perfected so as to give the appellate court jurisdiction of the cross appeal. In other words, unless the jurisdiction of the appellate court is invoked within the 30-day period following the filing of the judgment in the trial court by a party to the case, then the appellate court is without jurisdiction to review the judgment of the trial court; and the result is that the judgment of the trial court stands as rendered.

This court being without jurisdiction to consider either the attempted appeal or the attempted cross appeal, the judgment of the trial court by operation of law, stands as rendered.

*Judgment not reviewed. All the Justices concur.*
SUBMITTED FEBRUARY 15, 1972—DECIDED MAY 19, 1972.

*Vaughn & Barksdale, Sidney L. Nation,* for appellant.