## 47435. DIXIE MANAGEMENT CORPORATION v. HUBBARD.

HALL, Presiding Judge. In an action to foreclose a lien for labor and materials, the plaintiff appeals from the denial of his motion for a directed verdict. The trial court certified this order for immediate review following a mistrial when the jury failed to reach a verdict.

1. The enumeration of error recites the following order of the trial court dated April 14, 1972: "Plaintiff's motion for directed verdict having been heard and denied by me on April 10, 1972, and the jury failing to return a verdict, which resulted in a subsequent mistrial being declared on April 10, 1972. The court hereby enters this written order denying said motion for directed verdict and hereby certifies same for immediate review by direct appeal." The appeal is maintainable. *Code Ann.* § 6-809 (d); *Housing Authority of City of Douglas v. Marbut Co.,* 229 Ga. 403 (191 SE2d 785).

2. The plaintiff contends that the defendant-owner failed to

carry the burden of showing that all the money he paid to the contractor was disbursed to those having valid claims for labor and materials which went into his property. While the trial was highly confusing, evidence was presented on this issue. The president of the contracting company testified that he had handled all disbursements of the company and that all the funds received from the defendant had been used for the payment of bills incurred in the construction of his house. The fact that he produced no business records to back up this oral testimony (he said they had been impounded by the bankruptcy court) goes only to weight and credibility. See *Short & Paulk Supply Co. v. Dykes,* 120 Ga. App. 639 (171 SE2d 782).

3. Plaintiff also contends that defendant failed to show that other suppliers were paid according to legal priority. The contention has no merit. The only payment made after this plaintiff filed its lien was to another supplier in satisfaction of a pending lawsuit. The court did not err in denying the motion for a directed verdict.

*Judgment affirmed. Quillian, J., concurs. Pannell, J., concurs specially.*

ARGUED SEPTEMBER 11, 1972—DECIDED OCTOBER 3, 1972—
REHEARING DENIED OCTOBER 24, 1972.

*Ernest J. Nelson, Jr., Davis & Stringer, Robert H. Stringer,* for appellant.

*Hatcher, Meyerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.

PANNELL, Judge, concurring specially. I concur in Division 1 of the opinion that the appeal is not subject to dismissal, but I cannot concur in the reasons given therefor. The trial judge refused appellant's motion for a directed verdict, the case was submitted to the jury, and upon its failure to render a verdict a mistrial was declared.

The oral or tacit overruling of a motion to direct a verdict, not reduced to writing and filed with the clerk of the

court below is not an appealable judgment even if it is certified for review. Judgments or rulings and orders are appealable (that is, may be used to support an appeal as distinguished from being enumerated as error) only after entry (Section 5 of the Civil Practice Act, *Code Ann.* § 6-803), and to be entered they must be filed in the office of the clerk in the court below (§ 6-903, Ga. L. 1965, pp. 18, 32), and necessarily must be in writing. See also *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246) following *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604) and overruling *Sorrough v. Smith,* 121 Ga. App. 882 (175 SE2d 926) which had followed *Crowe v. Holloway Development Corp.,* 114 Ga. App. 856 (152 SE2d 913).

However, the appeal here is properly before the court as the notice of appeal recites it is from the written order entered April 14, 1972, overruling the motion for directed verdict, which order also contains therein the certificate for review. This order is in the record, although dated and entered four days after the mistrial was declared. This court has jurisdiction of this appeal irrespective of whether or not there is an enumeration of error on the refusal to direct a verdict.