## 52211. CAMP v. HAMRICK.

PANNELL, Presiding Judge.

The plaintiff seeks to appeal from the order of the trial court dismissing his garnishment proceeding. The record shows that the order of dismissal was filed with the clerk on December 2, 1975, and the notice of appeal was filed January 5, 1976. Under Code § 6-803, the notice of appeal must be filed within 30 days after entry of the judgment complained of. The 30th day from the filing of the order of dismissal was January 1, 1976. That day was a holiday, so the time for filing was extended to January 2, 1976. See Code § 102-102 (8).

Appellant filed an affidavit of the clerk of the superior court showing that the clerk's office was closed on January 2, 1976, from 8:30 a.m. until 10:40 a.m., and from 3:20 p.m. until 5:00 p.m. He contends that this variation in the normal office hours extended the time for filing to January 3, 1976. January 3 was a Saturday, so the time for filing would have been further extended to January 5, 1976. See Code § 102-102 (8).

The affidavits filed by appellant in support of his motion to dismiss show that the clerk's office was open on January 2, 1976, for emergency filings only. The office was open from 10:40 a.m. to 3:20 p.m., and from 5:20 p.m. to 5:50 p.m. Notice that the office would be open on January 2, 1976 for emergency filing only was posted on the doors of the office of the clerk prior to December 15, 1975, and was published in the Fulton County Daily Report on December 29, 30, 31, 1975.

"The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon the appellate court." *Jordan v. Caldwell,* 229 Ga. 343 (191 SE2d 530). The filing of a notice of appeal, necessary to obtain appellate court jurisdiction, would certainly be considered an emergency filing. Thus, the clerk's office was open to the appellant for filing of his notice of appeal on January 2, 1976. We find that the burden was on the appellant to ascertain whether the clerk's office was open for filing of his notice of appeal on January 2, 1976. The burden was on the appellant to file a timely notice of appeal; he failed to carry this burden.

Appellant's notice of appeal was not filed within 30 days of entry of judgment. This court is without jurisdiction to review the judgment entered below because of appellant's failure to perfect its appeal pursuant to the Appellate Practice Act. *Lewis & Sheron Enterprises, Inc. v. Great A & P Tea Co., Inc.*, 136 Ga. App. 910 (222 SE2d 659).

*Appeal dismissed. Marshall and McMurray, JJ., concur.*

ARGUED MAY 4, 1976 — DECIDED MAY 17, 1976 — REHEARING DENIED JUNE 15, 1976 —

*R. John Genins*, for appellant.

*James C. Howard, Alston, Miller & Gaines, John A. Sibley, Bates Block, Robert B. Dodd, Jr.*, for appellee.