59444. EWING HOLDING CORPORATION v. EGAN-STANLEY INVESTMENTS, INC. et al.

59445. EGAN-STANLEY INVESTMENTS, INC. v. ACKERMAN & COMPANY et al.

BIRDSONG, Judge.

Motion to dismiss — Timeliness of appeal. This unusual and convoluted procedural quagmire, involves the following procedural developments. Plaintiff below, the Ewing Holding Corp., entered into a contract to sell an apartment complex to defendant below, Egan-Stanley Investments. Ackerman & Co. was the real estate broker handling the sale. Egan paid Ackerman $25,000 earnest money. Later Egan gave Ackerman a second $25,000 but Egan

stopped payment on that check. Ewing in its contract of sale vouched that the apartment complex was zoned A-1, Apartment. In fact, part of the complex was zoned C-1, Commercial. Egan insisted on an A-1 zoning for the entire complex and offered to close on the established date if the proper zoning could be obtained. Closing was set for July 6, 1979, but proper zoning was not obtained until July 16. At closing on July 6, the president for Ewing (seller) appeared but no one from Egan (buyer) was present. As a result, the sale was not consummated. Ewing then brought suit against Egan and Ackerman seeking $50,000 liquidated damages, $25,000 to come from the broker Ackerman, $25,000 from Egan plus costs of litigation.

The sole stockholder and owner of Ewing Holding Corp. is Scott A. Ray. Ewing Holding Corp. is represented in this litigation by the same Scott A. Ray, as a part of the firm of Newberry & Ray. Egan moved the trial court to disqualify the firm of Newberry & Ray because Ray was the principal witness representing the plaintiff corporation, Ewing. Relying on Directory Rule 5-102 of the Georgia Code of Professional Responsibility, the trial court disqualified the firm of Newberry & Ray from representing Ewing and directed that they remove themselves in 30 days or the clerk, by court order would strike the firm from its representative capacity. The order of the court was dated October 19, 1979. On November 15, 1979, Ewing obtained an order from the trial court pursuant to Code Ann. § 81A-154 (b) stating that no just reason existed for delaying the finality of the order entered on October 19, 1979. Also on November 15, Ewing filed its notice of appeal to the dismissal of its firm of attorneys.

Ackerman had moved the trial court to cause both Ewing and Egan to interplead Ackerman because Ackerman was nothing more than a stakeholder. Ackerman admitted that it had $25,000 that was due to either Ewing or Egan, but could not pay either without jeopardizing itself. It was willing to pay the $25,000 into court or hold the $25,000 subject to order of the court. Ackerman moved that because it was nothing more than a stakeholder that the trial court enter an appropriate order as to disposition of the $25,000 and dismiss the action against Ackerman with prejudice. On October 19, 1979, the trial court granted Ackerman's motion and dismissed the complaint against Ackerman with prejudice.

Egan in its answer to Ewing's complaint had filed a cross complaint against Ackerman seeking the return of the $25,000 it had delivered to Ackerman as earnest money and $25,000 more to offset any recovery that Ewing might possibly recover in its $50,000 suit against Egan. The effect of the trial court's dismissal of

Ackerman on October 19, was to dismiss Egan's cross complaint against Ackerman, because the trial court held that Ackerman was the holder of $25,000 only. Following Ewing's appeal filed on November 15, Egan filed a cross appeal on November 23, 1979, complaining of Ackerman's dismissal with prejudice. Ackerman has moved to dismiss Ewing's appeal which complains of the dismissal of its attorney, the firm of Newberry & Ray (Case No. 59444). Egan has cross appealed the dismissal of Ackerman as a party defendant with prejudice (Case No. 59445). Egan in its brief has supported the motion for dismissal of Ewing's appeal filed by Ackerman but disputes the dismissal of its own cross appeal insofar as the cross appeal relates to the dismissal of Ackerman as a party defendant (cross defendant). *Held:*

1. The linchpin of this controversy centers on whether the appeal filed by Ewing is an appeal from a final judgment or an interlocutory appeal. Ewing argues that the order of the court of October 19 is final because it removes the firm of Newberry & Ray from the case and requires an action by that firm, namely to disqualify themselves. Relying on the cases of *Sapp v. ABC Credit &c. Co.,* 243 Ga. 151, 153 (253 SE2d 82) and *Darden v. Ravan,* 232 Ga. 756, 758 (208 SE2d 846), Ewing argues that the dismissal of its chosen attorney for reason of disqualification constitutes a final judgment and is appealable in view of the order of November 15, ordering that no just reason existed for delaying the finality of the order of October 19. We note that the *Darden* case, supra, bases its conclusion of appealability upon the fact that the order of the Cobb County Superior Court in that case was void, and a void judgment is appealable. There is no contention in this case that the order of disqualification is void as opposed to an asserted abuse of discretion. Moreover, as an additional, significant difference from the *Darden* case, supra, we observe that Ewing as a party has filed the appeal in its interest rather than the appeal being filed by the firm of Newberry & Ray in its personal capacity. The *Sapp* case, supra, was concerned with the appealability of a grant of partial summary judgment where other issues or several parties was involved, a matter of no immediate concern in this appeal. Thus, neither of these cases are apropos to the question presented and thus not dispositive of the issue.

On the other hand, the parties to this litigation are Ewing — a corporation, Ackerman — a corporation, and Egan — a corporation. The firm of Newberry & Ray are not parties to the case except insofar as they represent one of the parties, Ewing. That Ray is the sole owner of Ewing does not change the fact that Ewing and Ray are separate entities. Thus, we are confronted with an action by the trial

court, i. e., the dismissal of Ewing's counsel of choice because of ethical considerations which is a matter that does not go to any of the merits of the case, which involves only the breach of the sales contract. Clearly Ewing was entitled to appeal the denial of its chosen counsel. But because the matter from which the appeal is desired is interlocutory, Ewing was required to follow the interlocutory appeal procedure. This required that Ewing obtain from the trial court within ten days of the order of which complaint is made a certificate of immediate review. This Ewing did not do. Neither did Ewing obtain from this court permission to file an interlocutory appeal. The filing by the trial court of its order of November 15 ordering that no just reason existed for not entering a final judgment did not convert the appeal from an interlocutory one to a final appeal. *Cranman Ins. Agency v. Wilson Marine Sales & Service,* 147 Ga. App. 590, 592 (249 SE2d 631). The facts show that Ewing suffered the dismissal of its counsel on October 19 but did not file its appeal until November 15. While this was a time within 30 days of the order of October 19, it was seventeen days after the expiration of the required ten days that Ewing had available to it to obtain a certificate of immediate review. The record failing to show that a final judgment on the merits has been entered or that a certificate of immediate review granted, this appeal by Ewing is premature and must be dismissed. *Mathews v. Fidelcor Mtg. Corp.,* 144 Ga. App. 140 (240 SE2d 758).

2. The dismissal of Ewing's appeal as untimely also has a like impact on the cross appeal filed by Egan. "We now come to the question of the cross appeal. When this court does not have jurisdiction to consider an appeal, does it have jurisdiction to consider a cross appeal?

"The Appellate Practice Act (Code Ann. § 6-803 (a)) with respect to cross appeals provides as follows: 'In civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by appellant, and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him, and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal.

"We interpret this language to mean that a valid appeal from a judgment must be perfected in accordance with the Appellate Practice Act, so as to give the appellate court jurisdiction, before a cross appeal by any other party to the case can be perfected so as to give the appellate court jurisdiction of the cross appeal." *Wood v. Atkinson,* 229 Ga. 179, 180-181 (190 SE2d 46).

In this case, Egan had an unqualified right to file its own appeal

to the dismissal of Ackerman as a party. The facts show however, that Ackerman was dismissed on October 19, 1979, and that Egan did not file its appeal until November 23, 1979. Thus, as an independent appeal, the cross appeal comes too late by being in excess of 30 days from the filing of the court order of October 19, 1979. *Jordan v. Caldwell*, 229 Ga. 343 (191 SE2d 530); *Camp v. Hamrick*, 139 Ga. App. 61, 62 (228 SE2d 288). Though the cross appeal was filed within fifteen days of the main appeal, we are bound by the ruling in the *Wood* case, supra. There being no valid main appeal by Ewing, this court has no jurisdiction to entertain the cross appeal filed by Egan which must derive its life from the main appeal, already dismissed in Division 1 of this opinion.

*Appeals dismissed. Deen, C. J., and Sognier, J., concur.*

ARGUED FEBRUARY 7, 1980 — DECIDED APRIL 16, 1980 — REHEARINGS DENIED MAY 2, 1980.

*Hugh F. Newberry, Scott A. Ray,* for appellant (case no. 59444).

*Earnest H. DeLong, Jr., Paul T. Carroll, III, C. David Butler,* for appellees (case no. 59444).

*Paul T. Carroll, III,* for appellant (case no. 59445).

*Earnest H. DeLong, Jr., Scott A. Ray,* for appellees (case no. 59445).