66059, 66060. STEELE v. CINCINNATI INSURANCE COMPANY; and vice versa.

SHULMAN, Chief Judge.

Appellant sued appellee for malicious interference with contract. The trial court granted appellee's motion for a directed verdict and appellant filed an appeal "from the order . . . granting [appellee's] motion for a directed verdict." Appellee cross appealed, enumerating as error the trial court's refusal to admit certain testimony into evidence.

1. OCGA § 5-6-38 (a) (Code Ann. § 6-803) provides that a "notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of . . ." "The notice of appeal must specify an appealable judgment from which the appeal is entered [cits.], absent which the appeal must be dismissed." *Parish v. Ga. R. Bank &c. Co.,* 115 Ga. App. 540 (154 SE2d 750); *Ruth v. Kennedy,* 117 Ga. App. 632 (161 SE2d 410). Unfortunately for appellant, an order granting a motion for a directed verdict is not an appealable judgment. *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246). Therefore the appeal must be dismissed. *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604).

2. Since there has been "no valid main appeal [filed] by [appellant] this court has no jurisdiction to entertain the cross appeal filed by [appellee] which must derive its life from the main appeal, already dismissed in Division 1 of this opinion." *Ewing Holding Corp. v. Egan-Stanley Investments,* 154 Ga. App. 493, 497 (268 SE2d 733). See also *Wood v. Atkinson,* 229 Ga. 179 (190 SE2d 46).

*Appeal and cross appeal dismissed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 7, 1983 —
REHEARING DENIED JULY 25, 1983 —

*Michael D. Goodman,* for appellant.
*Clifford J. Steele,* pro se.
*Edward L. Savell, Scott E. Tinnon,* for appellee.

ON MOTION FOR REHEARING.

Appellant argues vigorously on motion for rehearing that this court should accept jurisdiction of this appeal by a liberal construction of the rules of appellate procedure. See *Gillen v. Bostick,* 234 Ga. 308, 310-311 (215 SE2d 676). Unfortunately for appellant, we are bound by the decisions of the Supreme Court cited in the opinion. In view of those decisions and of the very different procedural context of *Wall v. C & S Bank of Houston County,* 153 Ga. App. 29 (264 SE2d 523), we do not feel compelled by the result in *Wall* to extend the ruling in *Gillen* in conflict with the above-cited Supreme Court decisions.

*Motion for rehearing denied.*