## 40277. STEELE v. CINCINNATI INSURANCE COMPANY.

SMITH, Justice.

On October 21, 1982, in the Superior Court of Fulton County, appellee Cincinnati Insurance Company's motion for directed verdict was granted, and judgment was entered on October 25, 1982.

Appellant Steele filed a notice of appeal on November 22, 1982, erroneously citing the date of the decision to be appealed as October 23, 1982. The notice also stated that the appeal was from "the order of this court . . . granting defendant's motion for a directed verdict." Relying on OCGA § 5-6-38(a) (Code Ann. § 6-803), as construed by this court in *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246) (1970) and *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604) (1970), the Court of Appeals ruled that an order granting a motion for a directed verdict is not an appealable judgment and dismissed the appeal. *Steele v. Cincinnati Ins. Co.,* 167 Ga. App. 550 (307 SE2d 44) (1983). We granted Steele's petition for writ of certiorari to the Court of Appeals to determine whether Steele's appeal was correctly dismissed. We now reverse.

In *Smith* and *Hurst,* supra, the notice of appeal stated that it was from an order sustaining a motion for directed verdict. We ruled that the sustaining of a motion for directed verdict is not an appealable judgment and said that dismissal was proper.

In *Gillen v. Bostick,* 234 Ga. 308 (215 SE2d 676) (1975), we reviewed an order holding appellant in wilful contempt of court where the trial court's order finding appellant in contempt was dated December 20, 1974. Appellant's notice of appeal was filed January 7, 1975, but judgment was not entered until January 15, 1975. We recognized there that under prior decisions of this court (however neither *Smith* nor *Hurst* were addressed) such a premature filing of a notice of appeal would be ineffective to vest jurisdiction of the appeal in this court. Id. at 310. However, we went on to conclude that in light of the language of the Appellate Practice Act, OCGA § 5-6-30 (Code Ann. § 6-905), proposing liberal construction of the rules of procedure so as to bring about a decision on the merits of every case appealed and to avoid dismissal, those earlier cases were overruled. We also discussed and accepted the reasoning of Markham v. Holt, 369 F2d 940 (5th Cir. 1966) and 9 Moore's Federal Practice 119, § 110.08[2] (1974), which agreed that the rule requiring judgment and entry of judgment before an appeal can be taken is better interpreted to prevent loss of the right of appeal than to facilitate loss.

We think that similar reasoning can be profitably applied to the case before us. There is no evidence that in *Gillen* the appellant misnamed the action appealed from and labeled it an order instead of a judgment entered on the order as Steele did here. Nor did Steele file his notice before entry of judgment, as did the appellant in *Gillen.* Otherwise, however, these cases are sufficiently analogous to support consistent holdings and, despite the decisions in *Hurst* and *Smith,* we conclude that the better result is to reverse the Court of Appeals and follow the route marked by *Gillen* toward less technical and more

expeditious handling of cases involving minor procedural errors. Final judgment had been rendered in this case and there was no longer any issue pending in the trial court. The notice of appeal as filed was, even though technically defective, sufficient to notify the opposing party that an appeal was being taken but it was not so defective as to mislead or prejudice him. The record shows that the parties in fact submitted briefs and argued the case on its merits in the Court of Appeals. Therefore we overrule *Hurst* and *Smith,* supra, to the extent that they are in conflict with this opinion and reverse the decision of the Court of Appeals dismissing the action.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 31, 1984.

*Michael D. Goodman, Clifford J. Steele,* for appellant.
*Edward L. Savell, Scott E. Tinnon,* for appellee.

GREGORY, Justice, concurring.

I concur in the result reached in this case but do not believe it is necessary to overrule *Smith v. Sorrough,* 226 Ga. 744 (177 SE2d 246) (1970) and *Hurst v. Starr,* 226 Ga. 42 (172 SE2d 604) (1970). The general principles announced in those decisions are sound. An appellate court needs to know what is being appealed. It is also important that not every order entered on an interlocutory basis be the proper subject matter for an appeal. However, in this case, it is obvious that the losing party intended to appeal the final outcome in the trial court. As a matter of fact, a final judgment was entered. The appealing party simply failed to use the right nomenclature. I consider this to be an appeal from the final judgment in the trial court.