A92A0684, A92A0685. JARRARD v. COPELAND et al.; and vice versa.
(421 SE2d 84)

ANDREWS, Judge.

These two appeals arose out of a lawsuit over a property boundary line; the case was tried by a jury and plaintiff Copeland prevailed over defendant Jarrard.

Case No. A92A0684 is defendant Jarrard's appeal from the jury's verdict which was returned against him on January 31, 1991. The court entered the judgment against him on February 19, 1991. Thereafter, Jarrard filed a motion for new trial, or for a judgment notwithstanding the verdict. Although the certificate of service on the motion is dated March 21, 1991, the motion was not filed with the clerk until

March 22, 1991. See OCGA § 5-5-44.

OCGA § 5-5-40 (a) provides: "All motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict or entry of the judgment where the case was tried without a jury." See also OCGA § 9-11-50 (b). Similarly, a motion for judgment notwithstanding the verdict must be filed within the same 30-day period. OCGA § 9-11-50 (b); see also *Preferred Risk Co. v. Boykin*, 174 Ga. App. 269 (329 SE2d 900) (1985).

Because the 30th day after February 19, 1991 was March 21, 1991, Jarrard's motion was untimely and did not toll the time for filing the notice of appeal under OCGA § 5-6-38. *Johnson v. State*, 227 Ga. 219 (180 SE2d 94) (1971); *Crolley v. Johnson*, 185 Ga. App. 671 (365 SE2d 277) (1988). "[The] motion was not timely filed, and appellants did not comply with the requirements of OCGA § 5-5-41 . . . for the filing of an extraordinary motion for a new trial." *Batson v. First Nat. Bank of Brunswick*, 170 Ga. App. 803 (1) (318 SE2d 227) (1984); see also OCGA §§ 5-5-41 (a); 5-6-39 (b). The appeal is therefore untimely since the notice of appeal was filed on June 12, 1991, which was more than 30 days after the entry of the February 19, 1991 judgment, and accordingly this case is dismissed. *Wright v. Rhodes*, 198 Ga. App. 269 (401 SE2d 35) (1991).

We now address the issue of Copeland's cross appeal. OCGA § 5-6-38 provides that in "civil cases, the appellee may institute cross appeal by filing notice thereof within 15 days from service of the notice of appeal by the appellant; and the appellee may present for adjudication on the cross appeal all errors or rulings adversely affecting him; and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal."

"We interpret this language to mean that a valid appeal from a judgment must be perfected in accordance with the Appellate Practice Act, so as to give the appellate court jurisdiction, before a cross appeal by any other party to the case can be perfected so as to give the appellate court jurisdiction of the cross appeal. In other words, unless the jurisdiction of the appellate court is invoked within the 30-day period following the filing of the judgment in the trial court by a party to the case, then the appellate court is without jurisdiction to review the judgment of the trial court; and the result is that the judgment of the trial court stands as rendered.

"This court being without jurisdiction to consider either the attempted appeal or the attempted cross appeal, the judgment of the trial court by operation of law, stands as rendered." *Wood v. Atkinson*, 229 Ga. 179, 181 (190 SE2d 46) (1972); *Ewing Holding Corp. v. Egan-Stanley Investments*, 154 Ga. App. 493 (268 SE2d 733) (1980).

*Appeal dismissed in Case No. A92A0684 and Case No.*

*A92A0685. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JUNE 24, 1992 —
RECONSIDERATION DISMISSED JULY 14, 1992.

*Francisco Gonzalez-Burgos,* for appellant.
*Solomon & Edgar, William J. Edgar,* for appellees.