A92A1391. WAL-MART STORES, INC. v. CURRY.
(426 SE2d 581)

BIRDSONG, Presiding Judge.

Wal-Mart appeals from a judgment for $50,000, based upon a jury verdict in favor of Patricia Ann Curry in her action against Wal-Mart for false imprisonment. Wal-Mart contends the trial court made several erroneous evidentiary rulings, and also contends the trial court erred by denying its motion for a new trial. In addition to responding to the issues Wal-Mart has raised, Curry has challenged our jurisdiction to consider this appeal. *Held*:

Curry contends her motion to dismiss the appeal should be granted because Wal-Mart's notice of appeal was not filed within 30 days of the entry of the judgment on October 21, 1991, as required by OCGA § 5-6-38 (a). Curry asserts that the notice of appeal filed on January 16, 1992, was untimely, and Wal-Mart was not entitled to the extension of time in which to file a notice of appeal because Wal-Mart's motion for a new trial or in the alternative for judgment n.o.v. was not timely filed. Although the record shows this motion was not filed until December 20, 1991, a date which was not within 30 days of entry of the judgment, Wal-Mart maintains that its notice of appeal was timely because it was filed within 30 days of the trial court's de-

nial of its motion for new trial.

The records shows, however, that Wal-Mart's post-trial motion was not filed until *December 20, 1991*. The motion and its attached brief in support, certificate of service, and rule nisi, however, were all dated November 8, 1991, and the rule nisi, signed by the trial judge, stated "the above motion having been read and considered, let the same be filed and served pursuant to law." Nevertheless, none of these documents bear any indication that they were filed within 30 days of the entry of the judgment.

Although Wal-Mart seeks to explain the proceedings below by submitting an affidavit of counsel attached to its brief, factual assertions in briefs, unsupported by the record, cannot be considered in the appellate process and cannot be used to add to the record. *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33); *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (366 SE2d 223). In any event, the affidavit is of no assistance because it shows the motion was not sent for filing until December 20, 1991.

Under Georgia law, the filing of pleadings is "made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he *shall* note thereon the filing date and forthwith transmit them to the office of the clerk." (Emphasis supplied.) OCGA § 9-11-5 (e). Further, a motion for new trial is made only by filing a motion for new trial. *Smith v. Forrester*, 145 Ga. App. 281, 283 (243 SE2d 575).

The trial judge merely signing the rule nisi is not the equivalent of filing under OCGA § 9-11-5 (e). "The record in this case does not support a finding that the trial court permitted the order 'to be filed with him' within the meaning of § 9-11-5: There was no date marked on the order by the judge as is required by the statute, and neither the judge nor his secretary averred that the particular [motion] in question was filed with the judge. . . . 'The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown. . . . This presumption may be rebutted, however, by proof of delivery for filing to the clerk on a different day. "The actual date of filing is the date upon which the paper is handed to the clerk to be filed." (Cit.)' " *International Longshoremen's Assn. &c. v. Saunders*, 182 Ga. App. 301, 303 (355 SE2d 461). Compare *Storch v. Hayes Microcomputer Products*, 181 Ga. App. 627 (353 SE2d 350). Therefore, as this record shows no notation by the trial judge that Wal-Mart's motion was filed prior to December 20, 1991, the motion was not filed until it was received and filed by the clerk of court on December 20, 1991.

Under Georgia law motions for new trial, except in extraordinary cases, and motions for judgment n.o.v. must be made within 30 days of entry of judgment. OCGA §§ 5-5-40 (a); 9-11-50 (b). Further, ex-

tensions of time in which to file motions for new trial or motions for judgment n.o.v. are not authorized. OCGA § 5-6-39 (b). As Wal-Mart did not file its motion within 30 days of the entry of judgment, Wal-Mart's belated motion was a nullity. *Smith v. Forrester*, supra at 283.

Therefore, as Wal-Mart failed to comply with OCGA § 5-6-38 (a), it was not entitled to the authorized delay in filing its notice of appeal until after the trail court acted upon its motion. Consequently, this court lacks jurisdiction over this appeal, and it must be dismissed. OCGA § 5-6-48 (b) (1).

*Appeal dismissed. Beasley and Andrews, JJ., concur.*

## On Motion for Reconsideration.

Wal-Mart's motion for reconsideration contends that we erred by dismissing its appeal without first supplementing the record with evidence showing what actually happened below, and has attached to its motion the affidavit of the trial judge stating his actions in regard to this motion. Under the authority given in OCGA § 5-6-48 (d) "or take any other action to perfect the appeal and record," we will consider the trial judge's affidavit. The affidavit, however, does not support Wal-Mart's contention that the judge accepted the motion for filing under OCGA § 9-11-5 (e). Instead, the affidavit states he "reviewed the motion and executed the rule nisi" and "the original motion, brief, and rule nisi were left in my office and remained in my office to the best of my belief until they were filed with the Clerk's Office on December 20, 1991." With this affidavit, it is clear that the motion was not filed with the court under OCGA § 9-11-5 (a) on November 8, 1991. Therefore, the motion was not filed within the time prescribed by OCGA § 5-5-40 (a).

*Motion for reconsideration denied.*

Decided November 5, 1992 —
Reconsideration denied December 16, 1992.

*Anderson, Walker & Reichert, Robert A. Reichert, Jonathan A. Alderman,* for appellant.

*J. O'Quinn Lindsey, F. Robert Raley,* for appellee.