# Court of Appeals
# of the State of Georgia

ATLANTA,    September 09, 2015

*The Court of Appeals hereby passes the following order:*

**A15A2350.  ROBERT A. WHEELER v. EMORY HEALTHCARE, INC. et al.**

On March 20, 2014, the trial court entered judgment in favor of the defendants in this civil action.  Plaintiff Robert Wheeler filed a motion for an extension of time in which to serve a motion for a new trial.  The trial court granted the motion, ruling that Wheeler could serve a motion for a new trial up to 60 days after the trial transcript was filed with the court.  On December 11, 2014, Wheeler filed a motion for a new trial.  The court denied that motion, and, on June 5, 2015, Wheeler filed a notice of appeal to this Court.  We lack jurisdiction.

Although the filing of a motion for a new trial generally extends the deadline for filing a notice of appeal, such a motion is not valid unless filed within 30 days of entry of judgment.  See OCGA § 5-5-40 (a); *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84) (1992); *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990).  An untimely motion for a new trial does not toll the time for filing a notice of appeal.  *Jarrard*, supra at 21.  Thus, Wheeler's motion for a new trial, filed more than eight months after entry of judgment, did not extend the time for filing a notice of appeal.  And although the trial court purported to grant an extension of time for filing the motion for a new trial, "[n]o extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict."  OCGA § 5-6-39 (b); *Wal-Mart Stores, Inc. v. Curry*, 206 Ga. App. 775, 776-777 (426 SE2d 581) (1992).

Accordingly, Wheeler's notice of appeal, filed more than one year after entry of judgment, is untimely.  See OCGA § 5-6-38 (a).  This appeal is therefore DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____09/09/2015_____
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*