# Court of Appeals
# of the State of Georgia

ATLANTA,  February 22, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1314, A19A1315.  IN RE ESTATE OF MICHAEL BROOKS CRUMP (two cases).**

In 2002, Tracy Crump Parrish filed a petition to probate in solemn form the last will and testament of Michael Brooks Crump (the "decedent"). In her petition, Parrish identified herself as the decedent's daughter and the sole heir of the estate. The probate court of Gwinnett County issued a final order on July 11, 2002, admitting the will to probate. On February 16, 2018, Parrish filed an amended petition to probate the decedent's will based on her representation that the decedent was not her natural father. That same day, Parrish filed a petition seeking to be discharged as the executor of the estate. On May 14, 2018, Tiffany Miller Bates, Lindsay Baker, and Jessi Miller (collectively, the "Intervenors") filed a motion to intervene in the action.

The probate court disallowed Parrish's amended petition to probate the decedent's will, ruling that the action was automatically dismissed in accordance with OCGA § 9-2-60 (b) because no written order had been filed in the case in over five years. The court noted, however, that it would continue processing Parrish's petition for discharge. In the same order, the court denied the Intervenors' motion to intervene. Parrish then filed a notice of appeal, which has been docketed in this Court as Case No. A19A1314. The Intervenors filed a cross-appeal, which has been docketed as Case No. A19A1315. We lack jurisdiction.

Here, Parrish's case remains pending below, and the record contains no indication that the probate court directed the entry of judgment pursuant to OCGA § 9-11-54 (b). Consequently, Parrish was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court

– to seek appellate review of the order at issue here. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435 (383 SE2d 906) (1989). If a certificate of immediate review is not entered within ten days of entry of the order sought to be appealed, the party seeking review must wait until the final judgment to appeal. See OCGA § 5-6-34 (b); *Wilcher v. Confederate Packaging, Inc.*, 287 Ga. App. 451, 452 (1) (651 SE2d 790) (2007). The record contains no indication that Parrish sought and obtained a timely certificate of immediate review. Her failure to do so deprives us of jurisdiction over her appeal in Case No. A19A1314. See *Bailey v. Bailey*, 266 Ga. 832, 833 (471 SE2d 213) (1996).

Because this Court must have jurisdiction over a valid appeal in order to have jurisdiction over a cross-appeal, we necessarily must dismiss the Intervenors' cross-appeal. *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84) (1992).

For the foregoing reasons, the appeals in Case Nos. A19A1314 and A19A1315 are hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  02/22/2019
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


, *Clerk.*