# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0797. SAGE ATLANTA PROPERTIES LTD. v. THE DINER GROUP OF GEORGIA, LLC et al.**
**A21A0811. THE DINER GROUP OF GEORGIA, LLC et al. v. SAGE ATLANTA PROPERTIES LTD.**

Sage Atlanta Properties Ltd. sued The Diner Group of Georgia, LLC, Tammi Duncan, George Hawxhurst, and Christopher Murphy for breach of a lease and guarantor agreements. In 2017, the trial court entered default judgment against Duncan.[1] The case then proceeded to a bench trial against the remaining defendants. On October 26, 2020, the trial court entered a verdict, finding The Diner Group liable for $33,101.03. The order gave Sage Atlanta 30 days in which to elect the judgment to be entered – default judgment against Duncan or entry of judgment on the verdict.[2] In Case No. A21A0797, Sage Atlanta appeals this order. In Case No. A21A0811, The Diner Group, Hawxhurst, and Murphy have filed a cross-appeal. We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from a final judgment. See OCGA § 5-6-34 (a) (1). An order is final "within the meaning of OCGA § 5-6-34 (a) (1)

---

[1] The trial court also entered summary judgment in favor of Hawxhurst. Sage Atlanta appealed the ruling, and this Court reversed. See *Sage Atlanta Properties, Ltd. v. Hawxhurst*, 349 Ga. App. 758 (824 SE2d 387) (2019).

[2] The default judgment against Duncan totaled $127,578.29. Because the remedies against Duncan and The Diner Group apparently were inconsistent, Sage Atlanta was required to elect its remedy. See *Chapple v. Hight*, 161 Ga. 629, 631 (1) (131 SE 505) (1926) ("The law compels an election between inconsistent remedies.").

where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of an action, and leaves the parties with no further recourse in the trial court." *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003) (punctuation omitted). Here, although the trial court entered default against Duncan and determined liability as to the remaining defendants, it has not yet entered final judgment. Accordingly, the case is non-final, and the appeal must be dismissed. See *Hartley v. Taylor*, 198 Ga. App. 641, 641-642 (402 SE2d 372) (1991); see also *Lane v. Taylor*, 193 Ga. App. 777, 778 (389 SE2d 26) (1989) ("both a written judgment and its entry by filing the writing with the clerk are essential prerequisites to an appeal"). Under these circumstances, we lack jurisdiction to consider the appeal in Case No. A21A0797. Because this Court must have jurisdiction over a valid appeal in order to have jurisdiction over a cross-appeal, we must also dismiss the cross-appeal in Case No. A21A0811. See *Jarrard v. Copeland*, 205 Ga. App. 20, 21 (421 SE2d 84) (1992).

For the foregoing reasons, the appeals in Case Nos. A21A0797 and A21A0811 are hereby DISMISSED.



Court of Appeals of the State of Georgia
        Clerk's Office, Atlanta,  01/13/2021
        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
        Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.