# Court of Appeals
# of the State of Georgia

ATLANTA,　December 22, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0549. IN RE: CLIVE N. MORGAN.

Attorney Clive N. Morgan has filed a direct appeal from a trial court order imposing OCGA § 9-15-14 (b) fees and disqualifying him from representing entities or individual parties in a dispute among lawyers employed at Busch, Slipakoff, Mills & Slomka, LLC, a Georgia law firm.[1] We, however, lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" The record shows that this case remains pending below. Consequently, Morgan was required to use the interlocutory appeal procedures – including obtaining a certificate of immediate review from the trial court – to obtain appellate review at this juncture. See OCGA § 5-6-34 (b); *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989). The order disqualifying Morgan as counsel is an interlocutory order. See *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987); *Ewing Holding Corp. v. Egan-Stanley Investments, Inc.*, 154 Ga. App. 493, 495-496 (1) (268 SE2d 733) (1980). The order awarding OCGA § 9-15-14 attorney fees generally requires an application for discretionary appeal. See OCGA § 5-6-35 (a) (10). However, where, as here, the action remains pending below, that order, too, is a non-final order requiring Morgan to follow the interlocutory appeal procedures. See generally *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996) (party

---

[1] This Court dismissed appeals related to this case for failure to follow interlocutory appeal procedures. See Case Nos. A21A0252 and A21A0407 (Dec. 17, 2020).

seeking appellate review from an interlocutory order that also implicates the discretionary application statute must comply with the interlocutory application statute). Morgan's failure to follow the interlocutory appeal procedures to appeal the orders at issue deprives this Court of jurisdiction over the appeal. Accordingly, this appeal is hereby DISMISSED. See *Bailey*, 266 Ga. at 833; *Ewing*, 154 Ga. App. at 496 (1).



*Court of Appeals of the State of Georgia*

      *Clerk's Office, Atlanta,  12/22/2021*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*