# Court of Appeals
# of the State of Georgia

ATLANTA,  March 25, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0809. TIMOTHY LITTLEJOHN v. SOBER LIVING AMERICA, et al.

On October 22, 2021, we granted prisoner Timothy Littlejohn's pro se application for a discretionary appeal. See Case No. A22D0082. In our order, we directed Littlejohn to file his notice of appeal within ten days of the date of the order. On November 12, 2021, Littlejohn's notice of appeal was filed in superior court.

Under OCGA § 5-6-35 (g), an appellant must file a notice of appeal within ten days after a discretionary appeal is granted. We note that Littlejohn's notice of appeal is dated October 28, 2021. But this notice was not entered by the trial court until fifteen days later, on November 12. The latter date is the filing date. See *Wal-Mart Stores v. Curry*, 206 Ga. App. 775, 776 (426 SE2d 581) (1992) ("The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown."). See also OCGA § 9-11-5 (e) (the filing of pleadings is "made by filing them with the clerk of the court"). While we are sympathetic to Littlejohn's dependence upon prison officials to handle legal mail promptly, "the proper and timely filing of a notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court." *Davis v. State*, 330 Ga. App. 711, 711 (769 SE2d 133) (2015) (punctuation omitted; emphasis in original).

Accordingly, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* __03/25/2022__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*