66059, 66060. STEELE v. CINCINNATI INSURANCE COMPANY; and vice versa.

BENHAM, Judge.

Steele, an attorney, represented a client in a tort claim in which the tortfeasor was insured by appellee. When the client terminated her contract with appellant and settled the claim herself, Steele brought suit against the appellee for tortious interference with contractual rights. His appeal is from a judgment entered on a directed verdict granted to appellee.

1. On the first appearance of this appeal, it was dismissed because appellant's notice of appeal cited as the judgment from which appeal was taken the grant of a directed verdict. *Steele v. Cincinnati Ins. Co.*, 167 Ga. App. 550 (307 SE2d 44) (1983). On certiorari, the Supreme Court overruled two of its prior decisions on which this court had relied and reversed this court's judgment of dismissal. *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58 (311 SE2d 470) (1984). We now turn, therefore, to an examination of the merits of the appeal.

2. " 'It is actionable maliciously and without justifiable cause to induce one to break his contract with another to the damage of the latter. The term "maliciously" means any unauthorized interference or any interference without legal justification or excuse . . .' " *Wometco Theatres v. United Artists Corp.*, 53 Ga. App. 509, 513 (186 SE 572) (1936).

The basis of appellant's action here is his allegation that appellee induced appellant's client to terminate her contract with appellant so that appellee could negotiate directly with the client, thereby defeating appellant's contingency fee agreement with his client. The client testified at trial, without contradiction, that she was not induced to terminate the contract with appellant by any action or words of appellee. The reason she gave for terminating the contract was that she was not satisfied with appellant's services as an attorney.

The evidence on which appellant relies is testimony that appellee's agents returned the client's telephone calls on several occasions and told the client that they could not discuss her claim with her because she was represented by counsel. The client finally told the agents of appellee that she was no longer represented by counsel and provided them with a written statement to that effect. Appellant argues that the repetitive message that appellee could not deal directly with the client so long as she was represented by counsel was designed to induce the client to terminate her attorney's contract, thus saving herself one-third of the settlement. That argument is based solely on an inference drawn from circumstantial evidence, an inference flatly denied by the client, who repeatedly attributed the termination of the contract to appellant's lack of diligence in pursuing her claim. In the face of such unequivocal direct evidence, appellant is not entitled to depend on an inference drawn from purely circumstantial evidence to carry his claim to a jury. See *McDaniel v. Green*, 156 Ga. App. 549 (1) (275 SE2d 124) (1980). Accordingly, we find no error in the trial court's grant of appellee's motion for a directed verdict.

3. In his second enumeration of error, appellant argues that the trial court erred in refusing to establish a common law attorney's lien which would attach even before suit is filed on a client's behalf. That issue is controlled adversely to appellant by *Woodward v. Lawson*,

225 Ga. 261, 262 (167 SE2d 660) (1969): "The liens which an attorney at law may enforce are set forth in [OCGA § 15-19-14]. . . . 'This statute, creating liens in favor of attorneys at law, is in derogation of the common law, and is to be strictly construed.' [Cits.] Accordingly, the statute will not be construed so as to apply to any factual situation not strictly within its wording."

4. Appellee has filed a cross-appeal from an evidentiary ruling by the trial court. In light of our affirmance of the judgment in the main appeal, that issue is moot and the cross-appeal is, accordingly, dismissed. OCGA § 5-6-48 (b) (3).

*Judgment affirmed in Case No. 66059; appeal dismissed in Case No. 66060. McMurray, C. J., and Birdsong, J. concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 10, 1984 — 

*Michael D. Goodman,* for appellant.
*Clifford J. Steele,* pro se.
*Edward L. Savell, Scott E. Tinnon,* for appellee.