76048. GILBERT v. JONES.
(370 SE2d 155)

CARLEY, Judge.

Appellant-plaintiff and appellee-defendant are both attorneys. Appellant was originally employed to serve as Ms. Susan Edmondson's lawyer with regard to certain matters. However, Ms. Edmondson subsequently discharged appellant and retained appellee to represent her in the legal matters.

Thereafter, appellant brought this suit, alleging that appellee had intentionally and maliciously interfered with the contractual relationship that he had with Ms. Edmondson. Appellee answered, denying the material allegations of the complaint, and he subsequently moved for summary judgment. The trial court granted appellee's motion. Appellant appeals from the trial court's order granting summary judgment in favor of appellee.

1. Appellant enumerates the grant of appellee's motion for summary judgment as erroneous because, he asserts, a genuine issue of

material fact remains as to whether there was a tortious interference with his contractual relationship with Ms. Edmondson.

"The intentional and non-privileged interference by a third party with existing contractual rights and relations constitutes a tort for which an action shall lie. [Cits.]" *McDaniel v. Green*, 156 Ga. App. 549, 550 (275 SE2d 124) (1980). " ' "It is actionable maliciously and without justifiable cause to induce one to break his contract with another to the damage of the latter. The term 'maliciously' means any unauthorized interference or any interference without legal justification or excuse. . . ." ' [Cit.]" *Steele v. Cincinnati Ins. Co.*, 171 Ga. App. 499, 500 (2) (320 SE2d 203) (1984). The undisputed evidence of record shows that, several months prior to her hiring of appellee, Ms. Edmondson had already become dissatisfied with appellant's legal services and had begun an active search for new counsel. According to the affidavit of Ms. Edmondson, which was filed in support of the motion for summary judgment, appellee did not "in any way interfere with any contractual relations then existing between me and [appellant]. My decision to replace [appellant] with another lawyer or law firm had been made before I ever met [appellee]." In opposition to this evidence, there is nothing to show that appellee undertook to induce Ms. Edmondson to discharge appellant.

Appellant contends, however, that appellee advised Ms. Edmondson not to pay the amount which she allegedly owed to appellant for his past legal services. This, according to appellant, shows that appellee tortiously interfered with appellant's contract with Ms. Edmondson. Our review of the record shows, however, that the evidence is undisputed that appellee never advised Ms. Edmondson to disregard her financial obligation to appellant. Instead, appellee merely advised Ms. Edmondson of her legal rights in the matter of the attorney's fees that she allegedly owed to appellant. Since it is undisputed that appellee was acting within the scope of his employment as Ms. Edmondson's attorney, his advice to Ms. Edmondson concerning possible defenses to appellant's claim for attorney's fees could not possibly constitute tortious interference with appellant's contractual relationship with Ms. Edmondson. The contention that appellee's compensation from Ms. Edmondson was dependent upon the fee that Ms. Edmondson ultimately paid to appellant is refuted by the evidence of record. The evidence shows that the amount of compensation which appellee was to receive from Ms. Edmondson had no relation to any amounts that Ms. Edmondson may have been obligated to pay appellant.

"The burden is on the party who moves for summary judgment to produce evidence which conclusively negates the essential elements entitling the respondent to recover under any theory that may be drawn fairly from the pleadings and the evidence. [Cits.] [Appellee]

has met this burden. Where the movant has pierced the allegations of the pleadings and shown the truth to the court, he may receive a grant of summary judgment where there is no genuine issue of material fact considering the pleadings and available evidence. [Cit.]. . . . Once [appellee] carried his burden to show the absence of any genuine issue of fact . . . [appellant] was required to offer refuting evidence." *Fort v. Boone*, 166 Ga. App. 290, 291 (304 SE2d 465) (1983). As appellant failed to produce refuting evidence, the trial court's grant of summary judgment was proper.

2. Appellee's motion for summary judgment was filed on June 24, 1986. The motion was orally argued and supplemental briefs were filed in the trial court as late as September 29, 1986. On October 1, 1986, while appellee's motion for summary judgment was under advisement, appellant filed a motion wherein he sought to add another party-defendant to the action. The trial court did not make a formal ruling on appellant's motion prior to the entry of the order which granted appellee's motion for summary judgment on October 20, 1986. Appellant enumerates as error the trial court's failure to consider and to grant his motion to add a party-defendant.

"The adding or dropping of parties requires the exercise of the discretion by the trial court. [Cits.] Further, the motion must be timely, otherwise there is no abuse of discretion to deny it. [Cit.]" *Cartin v. Boles*, 155 Ga. App. 248, 254 (5) (270 SE2d 799) (1980). See generally *Jenkins v. Chambers*, 127 Ga. App. 200, 202 (2) (193 SE2d 222) (1972). The trial court, in effect denied appellant's motion when it granted summary judgment in favor of appellee, who was the only defendant in the case. Considering both the timing of appellant's motion to add a party-defendant and the substance thereof, we find that the trial court did not abuse its discretion in denying it. See generally *Cartin v. Boles*, supra; *Jenkins v. Chambers*, supra.

3. Appellant's remaining enumeration of error concerns a discovery ruling by the trial court. We have considered the enumeration, but find it to be without merit.

*Judgment affirmed. Sognier, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED APRIL 11, 1988 —
REHEARING DENIED APRIL 28, 1988 —

*Scott A. Halpern*, for appellant.
*A. Paul Cadenhead, E. Clayton Scofield III*, for appellee.