A92A0566. RAMSEY et al. v. CITY OF FOREST PARK.
(418 SE2d 432)

BIRDSONG, Presiding Judge.

This is an appeal of the order of the state court granting appellee City of Forest Park's motion for summary judgment on the grounds that the City was immune from suit under either OCGA §§ 31-11-8 or 36-33-3.

Emergency Medical Technician May responded to an ambulance emergency call at the home of appellants, Patricia and Lee Ramsey. Patricia Ramsey was complaining of chest pains. May examined and provided certain on-site medical services to Patricia Ramsey who subsequently refused to be transferred to the hospital by ambulance. May left the scene, and the following morning, Patricia Ramsey suffered a heart attack. On the date of the incident, the City of Forest Park was duly licensed by the Georgia Department of Human Resources to provide ambulance services. *Held*:

1. Fact assertions found in briefs but unsupported in the trial record cannot be considered on appellate review. *Behar v. Aero Med Intl.,* 185 Ga. App. 845, 846 (1) (366 SE2d 223). For example, we find no factual basis in the record that May made any representations to Patricia Ramsey to the effect there was nothing wrong with her heart.

2. Appellant, relying on *Glaser v. Meck,* 258 Ga. 468 (369 SE2d

912), asserts the trial court erred in granting summary judgment in favor of appellee, as appellee failed to comply with OCGA § 9-11-12 requiring assertion of defenses in responsive pleadings. Specifically, appellant contends that by failing to comply with said statute, appellee failed to raise the defenses upon which summary judgment was granted and has waived any right to such defenses.

(a) Examination of *Glaser*, supra, reveals that it is distinguishable from both the case style and circumstances of the case at bar. A controlling factor in *Glaser* was a pleading default which came to the court's attention *only* because the appellee was permitted to remedy his own pleading default *after* the running of the statute of limitation of his underlying claim. Additionally, *Glaser* does not involve, as in this case, a claim of immunity grounded on a strong state public policy enacted to encourage the rendering of emergency medical services to the citizens of this state. Moreover, the precedent of *Glaser*, supra, apparently was intended to be limited to the operative facts discussed therein, as the holding expressly asserts a limited applicability, that is an applicability "in this case and under these circumstances." Id. We find that *Glaser* is not controlling in this case.

(b) Assuming arguendo *Glaser* precedent did apply, appellee's answer pleaded a first defense of failure to state a claim or cause of action upon which relief can be granted, and the fourth defense asserted the action was barred under the doctrine of sovereign immunity. Under notice pleading we find that an answer pleading a defense of failure to state a claim at least would be minimally sufficient to give notice of substantive immunity defenses under either OCGA §§ 31-11-8 or 36-33-3, respectively. Additionally, when a municipality or county obtains immunity under either of these statutes, it is obtaining a form of sovereign immunity as it is a "sovereign" and it is obtaining "immunity." Thus, a pleaded defense of sovereign immunity also would suffice under *Glaser*, supra.

(c) Additionally, for reasons hereinafter stated, a claim of immunity under OCGA § 31-11-8 cannot be waived by those persons to whom the statute applies; and among those "persons" to whom the statute applies are "municipalities" and "counties," as they are an "organization of any kind, including any governmental agency other than of the United States." OCGA § 31-11-2 (18).

OCGA § 31-11-8 is a law made to assist in the overall preservation of public order by encouraging "good Samaritan" conduct toward unfortunate state citizens in need of emergency medical service. The important public policy pertaining to emergency medical services is promulgated in OCGA § 31-11-1. "Laws made for the preservation of public order or good morals may not be dispensed with or abrogated by any agreement. However, a person may waive or renounce what the law has established in his favor when he does not thereby injure

others or *affect the public interest.*" (Emphasis supplied.) OCGA § 1-3-7. Considering that the furnishing of emergency medical services is a matter of substantial interest to the public (OCGA § 31-11-1) and that invoking waiver of immunity due to a "person's" mere negligence or failure to comply with technical procedural rules of pleading would undermine public confidence in the reliability of the immunity granted under OCGA § 31-11-8, it is clear that such a waiver would be injurious to the public interest. Accordingly, we find such waiver prohibited by OCGA § 1-3-7. "While a person may generally waive or renounce what the law has established in his favor, he can not do so when [as here] the waiver affects the public interest." *Georgia Fertilizer Co. v. Walker,* 171 Ga. 734 (3) (156 SE 820).

(d) No genuine issue of fact otherwise exists to exclude appellee from the immunity granted by OCGA § 31-11-8.

The record is uncontroverted that appellee was, on the date of the incident, duly "licensed to furnish ambulance service," within the meaning of OCGA § 31-11-8 (a).

The trial court granted summary judgment to appellee and, citing *Gilbert v. Jones,* 187 Ga. App. 303 (370 SE2d 155), found the existence of no genuine material issue of fact, including a lack of existence of a genuine issue of material fact regarding the "good faith" requirement of OCGA § 31-11-8 (a). " 'If the movant carries his initial burden, as was done in this case [see generally *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474)], and the respondent does not present refuting evidence that is adequate to raise an issue of fact, a summary judgment for the movant must be granted.' " *Southern Trust Ins. Co. v. Braner,* 169 Ga. App. 567, 569 (1) (314 SE2d 241). "In response to a motion for summary judgment the non-moving party may not rest on generalized allegations, but must come forward with specific facts." *Precise v. City of Roswell,* 261 Ga. 210, 212 (3) (403 SE2d 47). It is well established that " '[s]ummary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where [as here] the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.' " *Strickland v. DeKalb Hosp. Auth.,* 197 Ga. App. 63, 68 (397 SE2d 576). And we will not reverse the correct ruling of a trial court regardless of the reason given therefor. *National Consultants v. Burt,* 186 Ga. App. 27, 33 (2) (366 SE2d 344).

Although it is a matter of first impression, we agree with the trial court's ruling that the municipality received no remuneration, within the meaning of OCGA § 31-11-8 (c), for compensation for the *performance* of emergency cases, but only levied a transportation charge against those persons transported to a hospital. We do not find any-

thing in the city resolution cited by appellants which raises a genuine issue of material fact to the contrary. OCGA § 31-11-8 (c) precludes immunity from vesting only when "persons," within the meaning of OCGA § 31-11-2 (18), perform stated "emergency services," for remuneration. "Remuneration" is the act of remunerating, and the primary definition of to "remunerate" is "to pay, recompense, or reward for work, trouble, etc." Webster's Encyclopedic Unabridged Dictionary of the English Language. Thus, it appears to have been the intent of the General Assembly not to vest immunity in those "persons" who were being *rewarded* for the performance of "emergency services." We are satisfied that a *fee* charged by a *governmental organization* to assist in defraying the administrative costs of "transporting a person to a hospital" is not the equivalent of receiving *remuneration* for providing stated "emergency care," within the meaning of OCGA § 31-11-8 (c). What may constitute a remuneration to a private "person" may not reward and constitute remuneration to a governmental organization having to control its public expenditures carefully while providing "emergency medical services" to those within its boundaries. And, OCGA § 31-11-8 (c) must be liberally construed so as not to thwart the public policy purpose reflected in OCGA § 31-11-1.

3. In view of our holding in Division 2 above, we need not address appellant's other contentions in support of its sole enumeration of error.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 29, 1992.

*Gill, Peterson & Harris, Jim N. Peterson, Jr.,* for appellants.
*Glaze, Glaze, Fincher & Brakefield, Gary H. Brakefield,* for appellee.