A99A0336. WATKINS & WATKINS, P.C. et al. v. COLBERT et al.
(516 SE2d 347)

RUFFIN, Judge.

John D. Watkins and his law firm, Watkins & Watkins, P.C. sued Melvin J. Colbert, Brenda Colbert, Calvary Deliverance Evangelistic Church, Inc., George Lewis, and Thomas Tucker for tortious interference with business relations. The trial court granted defendants' motion for summary judgment and Watkins appeals. Because defendants are entitled to summary judgment as a matter of law, we affirm.

We note at the outset that Watkins has failed to provide any citations to the record in his brief either in his statement of facts or in his argument section in violation of Court of Appeals Rules 27 (a) (1) and 27 (c) (3) (i). "The burden is upon the party alleging error to show it affirmatively by the record." (Punctuation omitted.) *Sparti v. Joslin*, 230 Ga. App. 346, 347 (2) (496 SE2d 490) (1998). "We have repeatedly held that it is not the function of this court to cull the record on behalf of a party." (Punctuation omitted.) *Rolleston v. Cherry*, 226 Ga. App. 750, 753 (1) (b) (487 SE2d 354) (1997). However, because the record is short and appellees have provided ample and accurate record citations, we will exercise our discretion and resolve this appeal on its merits.

> On appeal from a trial court's grant of summary judgment, this Court conducts a de novo review of the evidence. To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Entertainment Sales Co. v. SNK, Inc.*, 232 Ga. App. 669 (502 SE2d 263) (1998). "A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The underlying dispute arose from Watkins' representation of his former client, Rosa Belle Williams, who is not a party to this case. On three separate occasions in 1993, Williams loaned Watkins $10,000 for a total of $30,000. According to Watkins, Williams invested this money in Watkins' law practice to underwrite several medical malpractice cases. Watkins admits that Williams was given stock in Watkins & Watkins, P.C. "to show her investment only."

In the fall of 1996, Williams agreed to sell a five acre tract of land to defendant Calvary Deliverance Evangelistic Church for $15,000 per acre. Defendants James Colbert and Brenda Colbert are, respectively, the pastor and associate pastor of the church. Watkins advised Williams not to sell the property for $15,000 per acre because she told him that, prior to the offer from the church, another party had offered $50,000 per acre for the same property.[1] Williams disre-

---

[1] Watkins admits that Williams never told him the name of the person who offered $50,000 per acre for the land and there is no evidence that this offer remains outstanding.

garded Watkins' advice and sold the property on November 29, 1996. In her affidavit, Williams averred that Watkins treated her rudely when she disagreed with him. In addition, she stated that Watkins refused to repay the money she had loaned him. Therefore, Williams fired Watkins as her attorney.

On March 10, 1997, Williams retained attorney George Lewis to write Watkins advising him of his discharge and requesting copies of her files. On October 5, 1997, Williams sued Watkins for, inter alia, repayment of the loans and professional negligence. With regard to the professional negligence claim, Lewis obtained an affidavit from attorney Thomas Tucker in which he addressed both the impropriety of the stock transfer to Williams and the reasonableness of Watkins' fees.[2]

On April 27, 1998, Watkins filed suit against attorneys Lewis and Tucker, Melvin and Brenda Colbert and the Calvary Deliverance Evangelistic Church, Inc., alleging that these defendants

> maliciously and wrongfully, and with the intent to injure, conspired to injure, and did injure the business of [Watkins] by interfering with the twenty (20) year business relationship [Watkins] had with [Williams], by causing [Williams], whom defendants knew was being represented by [Watkins] during 1996 and 1997 to transfer five (5) acres of land to defendant Calvary Deliverance Evangelistic Church, Inc. for the sum of $15,000.00 per acre when [Watkins] had informed defendants Melvin J. Colbert and Calvary Deliverance Evangelistic Church, Inc. that an offer of $50,000.00 or more had been given to [Williams], [Watkins'] client, and caused [Williams] to terminate her business relationship with [Watkins].

The trial court granted defendants' motion for summary judgment and this appeal followed. To recover under a theory of tortious interference with business relations, Watkins must demonstrate financial injury and must show that defendants: (1) acted improperly and without privilege; (2) acted purposely and with malice with intent to injure; and (3) induced a third party or parties not to enter into or continue a business relationship with him. *La Petite Academy v. Prescott*, 234 Ga. App. 32, 33 (1) (506 SE2d 183) (1998). In this case, the trial court properly granted defendants' motion for summary judgment because there is no evidence upon which to base an action for tortious interference against any of the defendants.

---

[2] We do not address the impropriety of Watkins' actions in transferring stock in his law firm to a layperson as these actions do not serve as the underlying basis of this appeal.

As an initial matter, we note that a special, fiduciary relationship exists between a lawyer and client. *AFLAC, Inc. v. Williams*, 264 Ga. 351, 353 (1) (444 SE2d 314) (1994). Accordingly, the Supreme Court has recognized that "a client has the absolute right to discharge the attorney and terminate the relation at any time, even without cause. A client's discharge of [her] attorney is not a breach of the contract of employment, but the exercise of [her] right." (Citation and punctuation omitted.) Id. Nevertheless, if a *third party* maliciously interferes with the relationship between an attorney and client, thus inducing the client to sever the relationship, the attorney may have a cause of action against that third party for tortious interference. See *Gilbert v. Jones*, 187 Ga. App. 303, 304 (1) (370 SE2d 155) (1988); *Steele v. Cincinnati Ins. Co.*, 171 Ga. App. 499, 500 (2) (320 SE2d 203) (1984). "The term 'maliciously' means any unauthorized interference or any interference without legal justification or excuse." (Punctuation omitted.) *Gilbert*, supra at 304.

Here, Watkins implies that the Colberts influenced Williams to terminate the attorney-client relationship by giving her bad advice regarding the value of her land, thus making her question her attorney's advice. However, with the exception of purchasing Williams' land, Watkins provides no evidence of any actions taken by the Colberts to induce Williams to fire her attorney. Watkins essentially asks this Court to infer that the Colberts somehow persuaded Williams to terminate Watkins. This inference Watkins asks us to draw is based on sheer speculation, and it is well-settled that "[g]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment." (Punctuation omitted.) *Taylor v. N. I. L., Inc.*, 221 Ga. App. 99, 100 (470 SE2d 491) (1996); see also *Greene v. Jenkins*, 224 Ga. App. 640, 644 (2) (481 SE2d 617) (1997); *Brown v. Amerson*, 220 Ga. App. 318, 320 (469 SE2d 723) (1996). Moreover, in Williams' affidavit, she asserts that the Colberts did *not* influence her decision to terminate Watkins. Accordingly, in the face of such unequivocal direct evidence, we find no error in the trial court's grant of summary judgment in favor of the Colberts and the church. *Steele*, supra.

With respect to attorneys Lewis and Tucker, there is not one shred of evidence in the record before us indicating that Williams either knew or had any contact with either of these attorneys prior to her decision to terminate Watkins. To the contrary, Williams states that she hired Lewis for the express purpose of terminating Watkins and that, at the time she completed her affidavit, she had never spoken to Tucker. Thus, there is *no* evidence that either of these two attorneys caused Williams to terminate Watkins. Finally, we note that for public policy purposes, a tortious interference claim will not lie against "an attorney who on behalf of a client asserts or prose-

cutes a claim arising from contractual rights and duties." *Hyre v. Denise*, 214 Ga. App. 552, 555 (7) (449 SE2d 120) (1994); *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 608 (2) (503 SE2d 278) (1998). Both Lewis and Tucker were instrumental in prosecuting Williams' claims against her former attorney. Accordingly, the trial court did not err in granting summary judgment in favor of defendants Lewis and Tucker.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 13, 1999 —
RECONSIDERATION DENIED APRIL 28, 1999.

*Watkins & Watkins, John D. Watkins,* for appellants.
*Kilpatrick Stockton, Ted H. Clarkson, Mark B. Williamson, Hull, Towill, Norman & Barrett, David E. Hudson,* for appellees.