### A02A0274. YANG v. WASHINGTON et al.
(568 SE2d 140)

RUFFIN, Judge.

Chang Yang sued Dr. Carl Washington and the Emory Clinic, alleging medical malpractice after a laser procedure performed on her face left permanent scarring. Following a trial, a jury found in favor of the defendants. Yang filed a motion for new trial and a motion for attorney fees, both of which the trial court denied. On appeal, Yang challenges the trial court's denial of both motions.[1] Finding no error, we affirm.

1. Prior to reaching the merits of the appeal, we find it necessary to address the litigants' failure to follow this Court's rules. The record in this case consists of 17 volumes, containing thousands of pages. Court of Appeals Rule 27 (a) (1) provides, in pertinent part, that "[r]ecord and transcript citations must be to the volume or part of the record or transcript and the page numbers that appear on the appellate records or transcript *as sent from the court below.*"[2] In this case, however, neither Yang nor the defendants reference the volume of the record as forwarded to this Court, but merely reference the record or transcript, generally. Given the size of the record, such general citations are, at best, minimally helpful. This is particularly true where, as here, the record is not chronological.

Moreover, Yang makes many factual assertions in her brief for which she fails to provide *any* citation to the record, general or otherwise. " 'The burden is upon the party alleging error to show it affirmatively by the record.' "[3] And it is well settled that we will not cull the record on behalf of a party.[4] By failing to accurately and thoroughly cite the record, Yang risks that we will deem her claims unsupported and, therefore, abandoned.[5] To the extent that Yang's claims of error are supported, we address them on appeal.

2. In her first enumeration of error, Yang contends that the trial court erred in denying her motion for new trial. In reviewing such

---

[1] Yang also filed a motion for sanctions against the defendants for asserting a frivolous argument on appeal. Yang's motion lacks merit and is hereby denied.

[2] (Emphasis supplied.)

[3] *Watkins & Watkins, P.C. v. Colbert,* 237 Ga. App. 775, 776 (516 SE2d 347) (1999).

[4] See id.

[5] See *Parks v. Multimedia Technologies,* 239 Ga. App. 282, 291 (3) (e) (520 SE2d 517) (1999).

claim, we "view the evidence favorably to the prevailing party and determine whether there was any evidence at trial to support the verdict."[6] So viewed, the evidence shows that Yang suffers from cutaneous lupus, an autoimmune disease that caused the small blood vessels in her face to become more prominent. Yang's dermatologist referred her to Dr. Washington to perform a laser procedure on the blood vessels.

Yang first saw Dr. Washington on June 18, 1995, and he suggested conducting a test procedure on a small patch of Yang's face prior to performing a full-face procedure. The test was conducted on July 26, 1995. When Dr. Washington saw Yang in his office on August 14, 1995, he noted "that the treated areas had successfully resolved," and he scheduled a full-face procedure for September 27, 1995. The procedure was performed, and, during a follow-up visit on October 31, 1995, Dr. Washington noted that Yang demonstrated some hyper-pigmentation. Notwithstanding the hyper-pigmentation, Dr. Washington considered the first treatment a success. Yang returned to Dr. Washington on February 6, 1996. Based on Yang's appearance on that date, Dr. Washington decided to move forward with a second full-face procedure, which was scheduled for March 14, 1996. Evidently, the second procedure did not go well, and Yang contends that she is "scarred for life."[7]

Yang sued both Dr. Washington and the Emory Clinic, alleging medical malpractice. After the jury rendered a verdict in favor of the defendants, Yang filed a motion for new trial, which the trial court denied. On appeal, Yang asserts that she was entitled to a new trial for the following reasons: (a) newly discovered evidence; (b) the trial court's denial of her right to voir dire an expert witness; and (c) "due to illegal admission of evidence." We address each assertion in turn.

(a) *Newly Discovered Evidence.* "The standard for granting a new trial on the basis of newly discovered evidence is well established."[8] The party seeking a new trial on this ground must demonstrate that (1) she learned of the evidence since the trial; (2) the late discovery did not result from lack of due diligence; (3) the evidence is so material that, if admitted, it would probably produce a different verdict; and (4) the value of the evidence is not merely cumulative.[9] The moving party must also produce the affidavit of the witness himself or

---

[6] *Camp v. EMSA, Ltd.*, 238 Ga. App. 482, 483 (518 SE2d 482) (1999).

[7] We note that Yang provides no citation to the record in support of her contention that the second full-face procedure resulted in scarring, much less that the scarring is permanent.

[8] (Punctuation omitted.) *Kodadek v. Lieberman*, 247 Ga. App. 606, 611 (4) (545 SE2d 25) (2001).

[9] See id.

explain its absence.[10] Finally, the party must show that the newly discovered evidence is offered for some purpose other than to impeach the credibility of a witness.[11] To establish entitlement to a new trial, Yang must meet all the criteria.[12]

Here, Yang argues that she is entitled to a new trial based upon newly discovered photographic slides that Dr. Washington took during her office visits. Rather than producing the actual slides during discovery, Dr. Washington produced photographs from the slides. The date October 31, 1995, is handwritten on four of the slides. The remaining two slides are dated November 15, 1995. Evidently, the dates were not included on the photographs produced during discovery. On appeal, Yang argues that the handwritten dates on the slides were "critical" to her case. According to Yang, the fact that the slides were dated October 31, 1995, shows that the pictures were taken on that date. Dr. Washington, however, testified at trial that the handwritten dates showed when he received the slides from the photo processing lab rather than the date the images were taken. Yang asserts that she is entitled to a new trial to establish when the slides were taken.

Contrary to Yang's contention on appeal, she is not entitled to a new trial based upon this evidence. As stated above, the first showing Yang must make to secure a new trial is that the evidence came to light "since the trial," in other words, that the evidence is indeed new. Here, it is undisputed that Yang learned of the slides *during* trial and that the slides were, in fact, tendered in evidence. Thus, she has not shown that such evidence qualifies as newly discovered.

Yang's true argument is that, if she had been given the slides earlier, she would have been able to secure affidavits from photo lab representatives to show that, contrary to Dr. Washington's testimony, "it would not take over three months for development of [the] slides." The only conceivable purpose for tendering such evidence would be to impeach Dr. Washington's testimony that the pictures were taken on July 26, 1995. As courts will not grant a motion for new trial based on newly discovered impeachment evidence, the trial court did not abuse its discretion in denying Yang's motion.[13]

Moreover, to the extent that the evidence may have had value beyond mere impeachment, "it is not so material that it would probably produce a different verdict."[14] This is particularly true as Dr.

---

[10] See id.

[11] See id.

[12] See id.

[13] See *Leventhal v. Seiter*, 208 Ga. App. 158, 162 (2) (430 SE2d 378) (1993) ("A trial court's denial of the motion for new trial will not be reversed absent an abuse of discretion.") (punctuation omitted).

[14] *McIntyre v. State*, 207 Ga. App. 129 (1) (427 SE2d 99) (1993).

Washington testified unequivocally that his decision to proceed with a subsequent laser procedure was based upon his personal observation of Yang, rather than any slides or photographs. It follows that this claim of error presents no basis for reversal.

(b) *Voir Dire of Expert Witness.* Dr. Robert Adrien, who was called on behalf of Dr. Washington, testified — without objection — about his education, training, background, and experience regarding laser treatment for lupus patients. When Dr. Adrien was asked about the medical options available to a patient such as Yang, he responded that the "gold standard" treatment would be a pulse dye laser. Yang objected to the latter testimony, arguing that Dr. Adrien had not yet been tendered as an expert. Yang then requested an opportunity to voir dire Dr. Adrien to establish "his competency to render an opinion regarding the appropriate standard of care . . . in Georgia." The trial court stated that Yang could explore the issue on cross-examination, and Yang thanked the court. On appeal, Yang asserts that she is entitled to a new trial based upon the trial court's refusal to let her voir dire Dr. Adrien. We disagree.

As this Court noted in *Dimambro Northend Assoc. v. Williams,*[15]

[a]n expert witness is one who through education, training, or experience has peculiar knowledge concerning some matter of science or skill to which his testimony relates. The question of whether a witness is qualified to give his opinion as an expert is one for the court. His determination will not be disturbed except that it be manifestly abused.[16]

Although the question of an expert's qualification is for the court, a litigant is entitled to cross-examine a witness before the court determines whether such witness is an expert.[17] A thorough and sifting examination permits the trial court to make its decision on the expert's qualifications.[18]

As Yang requested an opportunity to voir dire Dr. Adrien, the trial court erred in refusing her request.[19] Nonetheless, we find no basis for reversal. Yang does not assert that her ability to cross-examine Dr. Adrien was curtailed. Following her cross-examination of the doctor, Yang moved to strike his testimony based upon his misapprehension of the standard of care. Although the trial court denied

---

[15] 169 Ga. App. 219 (312 SE2d 386) (1983).
[16] (Citations and punctuation omitted.) Id. at 220 (1).
[17] See id. at 222 (2).
[18] See id.
[19] See id.

the motion, it considered Yang's argument on the merits. Thus, we fail to see how Yang was prejudiced by the trial court's error.[20]

Moreover, it is evident that Dr. Adrien was well qualified to testify as an expert. Prior to Yang's objection, Dr. Adrien testified that he is board certified in internal medicine and dermatology, lectures both nationally and internationally, has published over 20 medical articles, and has trained over 5,000 physicians in the use of surgical lasers. "Under these circumstances, it appears that it would have been an abuse of the trial court's discretion to have stricken [Dr. Adrien's] direct testimony," notwithstanding Yang's inability to question him on voir dire.[21]

(c) *Admission of Illegal Evidence.* Yang contends that the trial court erred in admitting a "MALU Delivery Log" into evidence. According to Yang, the document tendered was an unauthenticated carbon copy that contained hearsay. In her brief, Yang argues that the "[a]dmissibility of the MALU Delivery Log was a hotly contested issue before trial and [her] motion in limine regarding same was denied."

Although Yang contends that the trial court denied her motion in limine, she provides no citation to the record to support this contention. In so doing, she has failed to demonstrate that the error has been preserved for appeal, which constitutes waiver of the issue.[22] " 'Appellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument.' "[23]

Even assuming that the error had been preserved for appeal, we find no basis for reversal. Although Yang argues strenuously in her brief that the trial court erred in admitting the evidence, she makes no attempt to demonstrate how she was harmed by such error. Indeed, in order for there to be reversal, there must be error triangulation, i.e., there must be, generally, (1) error, (2) contemporaneous objection, and (3) harm as a result of the error.[24]

3. In her final enumeration of error, Yang argues that the trial court abused its discretion in failing to grant her motion for attorney fees, which she claims she was entitled to based upon the defendants' pattern of discovery abuses. Assuming, for the sake of argument, that a litigant may obtain an award of assessed fees under these circumstances, we find no error.[25]

---

[20] See id.

[21] Id.

[22] See *Rolleston v. Estate of Sims*, 253 Ga. App. 182, 185 (2) (558 SE2d 411) (2002).

[23] Id.

[24] See generally *In re Vincent*, 240 Ga. App. 876, 878 (2) (b) (525 SE2d 409) (1999) ("A party must show harm as well as error to prevail on appeal.").

[25] See *Meadows v. Barker*, 241 Ga. App. 753, 754 (1) (526 SE2d 643) (2000) (proper remedy for late disclosure of evidence is postponement of trial or mistrial).

Ordinarily, discovery matters are within the trial court's broad discretion, and we will not interfere with that decision absent clear abuse.[26] Yang contends that the trial court abused its discretion in failing to sanction the defendants for their "willful" attempt to conceal evidence. A trial court's determination of wilfulness, or lack thereof, will be affirmed if there is any evidence to support it.[27] Here, there is ample evidence from which the trial court could have concluded that the defendants' conduct was not wilful.

Yang's claim of discovery abuse hinges upon the defendants' failure to produce evidence, including the photographic slides.[28] She presented her arguments to the trial court, which denied her motion. Implicit in the court's order is a conclusion that the defendants' conduct did not merit the imposition of sanctions. The trial court was authorized to reach this conclusion,[29] and we will not disturb its decision on appeal.

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

DECIDED JULY 1, 2002.

*Neal H. Howard, Joann Brown-Williams, William D. James*, for appellant.

*Allen & Weathington, Hunter S. Allen, Jr., Gary R. McCain, Kara A. Hicks*, for appellees.

---

[26] See *Santora v. American Combustion*, 225 Ga. App. 771, 773 (2) (b) (485 SE2d 34) (1997).

[27] See *Harvey v. Lindsey*, 251 Ga. App. 387, 391-392 (2) (554 SE2d 523) (2001) (in contempt proceeding, trial court did not abuse discretion in determining conduct not wilful).

[28] We note the fact that the defendants produced photographs from the slides undercuts Yang's argument that the failure to provide the actual slides was an attempt to conceal evidence.

[29] See *Santora*, supra.