[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 7, 2009
THOMAS K. KAHN
CLERK

No. 09-10501
Non-Argument Calendar
_____

D.C. Docket No. 07-00094-CV-LGW-5

BRENDA PRESLEY, Individually and as Administratrix
of the Estate of Antonio Presley, decedent,

Plaintiff-Appellant,

versus

CITY OF BLACKSHEAR,
BLACKSHEAR POLICE DEPARTMENT,
FORMER POLICE CHIEF JAMES MOCK,
Individually and in his Official Capacity as the
former Chief of Police of the City of Blackshear,
LT. GEORGE SMILEY, Individually and in his
Official Capacity for the Blackshear Police Department,
OFFICER GREGORY K. EVANS, Individually and
in his Official Capacity for the Blackshear Police
Department, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(August 7, 2009)

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

On November 30, 2005, Officer Gregory K. Evans saw Antonio Presley walking down a street in Blackshear, Georgia. Because Officer Evans believed that there was an outstanding warrant for Antonio's arrest, he tried to stop Antonio. Antonio began running, and when Officer Evans tried to grab him, a struggle ensued. During the struggle, Antonio appeared to take something from his waist and put his hand to his mouth about three times. After Evans secured Antonio, an empty bottle and a small amount of crack cocaine was found at the scene of the struggle. Officer Evans asked Antonio several times whether he had swallowed any crack cocaine, and Antonio repeatedly answered that he had not. Officer Evans arrested Antonio for possession of crack cocaine and obstruction of justice, and took him to the county jail. That night, while in his cell, Antonio jerked for two seconds, hit his head on the floor, and had drool coming out of the sides of his mouth. Antonio's cellmate yelled to get the attention of the jailors, and explained to them that Antonio had been shaking badly. The jailors then notified Officer Evans and called the Pierce County Emergency Medical Services to get medical attention for Antonio. Paramedic David Farrior arrived and treated Antonio. Farrior asked Antonio several times whether he had ingested any drugs, and Antonio denied having done so. Farrior learned from

2

Antonio's cellmate that Antonio had jerked and had foam coming from his mouth. Farrior checked Antonio's vital signs, blood pressure, pulse, oxygen saturation, pupils, mouth, and listened to his breath sounds. Farrior concluded, based on this exam, that no further treatment was necessary and left the jail.

Half an hour later, a jailor checked on Antonio and found him to be jerking and hitting his head on the floor, and foaming at the mouth. Antonio's cellmate told the jailor that Antonio had just said he had eaten a handful of crack before being arrested. Farrior and other paramedics were called, and they administered emergency care to Antonio and took him to a hospital by ambulance. Antonio never regained consciousness and died less than two months later.

Brenda Presley ("Presley"), individually and as the Administratrix of Antonio's estate, asserted nine claims against 27 defendants. In order to avoid the dismissal of her claims (R.2 of transcripts-123 at 3), Presley filed Plaintiff's Statement of Claims, in which she consented to the entry of summary judgment in favor of all defendants save two: Officer Evans and Farrior (R.6-110 at 2-4).[1] She maintained her 42 U.S.C.

---

[1] Presley argues on appeal that she did not consent to the entry of summary judgment in favor of Pierce County or the City of Blackshear, and cites for support the transcript of Oral Argument on Motion for Summary Judgment held on December 1, 2008. (R.2 of transcripts-123 at 5, 9-10.) But, on December 4, 2008, Presley filed a Statement of Claims that consented to summary judgment against all the defendants save two. (R.6-110 at 2-4.) Any error in construing the parties to whom Presley intended to consent to the entry of summary judgment was invited, and thus may not be challenged on appeal. *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1340 n.5 (11th Cir. 2003) ("a party may not challenge as error a ruling or other trial proceeding invited by that

§ 1983 claim against both Officer Evans and Farrior.[2] Presley alleged as the foundation for her § 1983 claim that Officer Evans and Farrior were deliberately indifferent to Antonio's serious medical needs in violation of the Fourteenth Amendment. Presley additionally maintained a negligence claim under Georgia law against Farrior.

The district court granted summary judgment on all claims, and Presley now appeals.

In granting summary judgment to Evans and Farrior on Presley's § 1983 claim, the district court first ruled that Evans and Farrior were not deliberately indifferent to Presley's serious medical need, and thus there was no evidence of any constitutional violation. Second, the district court ruled that Evans and Farrior were entitled to qualified immunity. (R.6-114 at 24-25.) The district court relied primarily on *Burnette v. Taylor*, 533 F.3d 1325 (11th Cir. 2008), where we held that the defendants were not deliberately indifferent to a pre-trial detainee's serious medical need brought on by the surreptitious ingestion of drugs. *Id.* at 1333.

party." (citations omitted)). Additionally, Presley's brief on appeal presents no argument on the merits that summary judgment was inappropriate for the claims against Pierce County or City of Blackshear.

[2] It is clear from Presley's Statement of Claims that she no longer is asserting claims against Officer Evans or Farrior in their official capacities. Additionally, Presley makes no argument on appeal that summary judgment on the claims against Officer Evans or Farrior in their official capacities was improper.

We affirm the district court's grant of summary judgment to Evans and Farrior on Presley's § 1983 claim because Evans and Farrior are entitled to qualified immunity. In the past, a defendant's claim of qualified immunity required a two-step analysis. First, the court was required to consider whether the plaintiff had shown a violation of a constitutional right, and second, the court was required to decide "whether the right at issue was clearly established at the time of [the] . . . alleged misconduct." *Pearson v. Callahan*, __ U.S. __, __, 129 S. Ct. 808, 816 (2009) (internal quotation marks and citation omitted). After *Pearson*, courts are free to decide which of the two steps of the qualified immunity analysis to address first. *Id.* at __, 129 S. Ct. at 818.

Because Presley has completely failed to demonstrate that the right she alleges was violated was clearly established at the time of the alleged misconduct, we affirm the district court's grant of summary judgment on the basis of qualified immunity and need not decide whether there was a constitutional violation.

Presley bore "the burden of showing that the federal rights allegedly violated were clearly established." *Foy v. Holston*, 94 F.3d 1528, 1532 (11th Cir. 1996) (citation omitted). Presley must show that the right was clearly established "in such a particularized way to make obvious the conclusion for all reasonable, similarly situated jail officials that what Defendants were doing violated Plaintiff's federal

5

rights under the circumstances." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313, 1319 (11th Cir. 2005) (citation omitted).

Presley cites no particularized case law that establishes that a reasonable police offer would have concluded that Antonio's rights were violated by Officer Evans. Additionally, Presley cites no particularized case law that establishes a reasonable paramedic would have concluded Antonio's rights were violated by Farrior. Instead, Presley cites three cases for the proposition that "Defendants are not protected by qualified immunity." (Appellant's Br. at 8.) None of the cases Presley cites,[3] however, even address a pre-trial detainee's right to emergency medical care, and thus none of the cases clearly establish the constitutional right at issue in this case. Indeed, Presley appears to admit that there is no prior case law clearly establishing the right when she states that this case is, "a case of first impression . . . to clarify [the] rule, 'every arrestee found affected by drugs cannot be taken to [a] hospital.'" (*Id.* at 9) (citation omitted).

The district court properly granted summary judgment on the § 1983 claim to Officer Evans and Farrior on the ground that they were entitled to qualified immunity.

---

[3]Presley cites *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727 (1982) (addressing suit based on First Amendment and statutory rights), *Jordan v. Mosley*, 487 F.3d 1350 (11th Cir. 2001) (addressing suit based on Fourth Amendment violation), and *Gilbert v. Richardson*, 452 S.E.2d 476 (Ga. 1994) (addressing Georgia tort claims arising out of automobile accident).

Next, Presley argues that the district court erred in granting summary judgment to Farrior on the state law claim on the basis of statutory immunity under Ga. Code Ann. § 31-11-8. Farrior is entitled to statutory immunity under § 31-11-8 if he rendered care to Antonio Presley in good faith and did so for no remuneration. Ga. Code Ann. §§ 31-11-8(a), (c).

Presley first argues that "Farrior knew or should have known at [the] first visit further investigation was required," and therefore Farrior did not render care in good faith. (Appellant's Br. at 20.) Specifically, Presley cites Farrior's failure to call an ambulance, furnish charcoal, take Antonio Presley's blood pressure, check his hand pulse, and give a tongue depressor as evidence of Farrior's lack of good faith.

At best, Presley alleges mere negligence on the part of Farrior.[4] Such negligence, even if we assume that all of Presley's arguments on appeal had record evidence in support of them, is insufficient to show that Farrior acted without good faith and thus is not entitled to official immunity under Ga. Code Ann. § 31-11-8. *See Thomas v. Dekalb County*, 489 S.E.2d 58, 62 (Ga. Ct. App. 1997) (holding that bad judgment and negligence of paramedic did not constitute lack of good faith under § 31-11-8). Good faith under § 31-11-8 is defined as, "a state of mind indicating

---

[4]We note, however, that there are evidentiary problems with Presley's argument on appeal. Farrior *did* take Antonio Presley's blood pressure and pulse during his first visit. (R.4-68 at 39.)

honesty and lawfulness of purpose; belief that one's conduct is not unconscionable or that known circumstances do not require further investigation." *Thomas*, 489 S.E.2d at 62. Presley has not pointed to any record evidence that Farrior did not render care in good faith during his first visit.

Presley next argues that Farrior was given remuneration for his services, and thus Farrior is not entitled to statutory immunity under § 31-11-8. Presley cites as evidence of Farrior's remuneration the fact that she was billed for ambulance services and paramedic services. But the undisputed evidence is that this bill was for transportation and mileage fees used to defray the county's administrative expenses of providing an ambulance service. (R.2-52-3 at 30-31.) Presley provides no record citation for the proposition that she was billed for paramedic services. (Appellant's Br. at 21.) Additionally, Presley did not argue before the district court that she was billed for paramedic services. (R.5-83 at 19.) "[W]e do not consider issues not presented in the first instance to the trial court." *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1140 (11th Cir. 2007) (citations omitted). The Georgia Court of Appeals has held that fees for transportation and mileage do not constitute remuneration under § 31-11-8(c). *Ramsey v. City of Forest Park*, 418 S.E.2d 432, 434 (Ga. Ct. App. 1992).

Because Farrior rendered emergency care in good faith and without remuneration, he is entitled to statutory immunity under § 31-11-8 on Presley's state law claims.

The district court properly granted summary judgment on all of Presley's claims. We affirm the judgment of the district court as to all defendants.

AFFIRMED.