A09A1903. GUMZ et al. v. IRVIN et al.
(685 SE2d 392)

MIKELL, Judge.

Vincent Gumz and Jim Cossett, residents of Marion County ("the County"), sued the County and four members of the County's Board of Commissioners ("the Board"),[1] among others, contending

---

[1] Frank Powell, Larry Ogan, George Neal, and Kevin Brown.

that they violated the Open Meetings Act ("the Act"),[2] by holding a private meeting in which they discussed a zoning matter. The trial court granted summary judgment to the defendants, and appellants appeal. We affirm for the reasons set forth below.

> On appeal from the grant of summary judgment [the appellate court] conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[3]

So viewed, the record shows that GRAAL Group, LLC ("GRAAL"), and Ingram-Pike County Properties, Inc. ("Ingram"), applied to the Board to rezone 1,723 acres of land owned by Ingram from agricultural to commercial. The application was granted, but an action was filed in superior court to declare the rezoning invalid. During a hearing on October 23, 2008, the superior court set aside the Board's decision due to the County's failure to comply with notice provisions of county ordinances and state law.[4] Immediately after the hearing, four commissioners and the County's zoning administrator, Steve White, met with the County attorney, Wayne Jernigan, to discuss the court's decision. Ingram was present as well, represented by its president, Otis Ingram, and his attorneys. Jernigan explained that the court's ruling was based on insufficient signs being posted on the property, among other things. The commissioners did not take any votes, make any decisions, or give any direction to White concerning the zoning matter.

On October 27, GRAAL and Ingram filed a new zoning application with White. On that date, White ordered five signs to post on the property in connection with the application. White also placed advertisements in the official County newspaper notifying interested persons of public hearings to be held before the County planning commission and the Board on November 17 and 18, respectively. After a public hearing, the planning commission voted to recommend that the Board approve the application. The Board held a public hearing and then approved the rezoning request by a vote of four to one.

Appellants then filed a complaint against the County defendants as well as GRAAL, its representative, Guy Irvin, and Ingram,

---

[2] OCGA § 50-14-1 et seq.

[3] (Citations omitted.) *Merlino v. City of Atlanta*, 283 Ga. 186 (657 SE2d 859) (2008).

[4] The records from the prior action have not been included in the record on appeal in this case.

contending that the post-hearing conference held on October 23, 2008, constituted a "meeting"[5] required to be open under the Act. Appellants alleged that during the meeting, the commissioners scheduled the planning commission meeting and rezoning hearing held on November 17 and 18, and that such actions were illegal and should be voided. Appellants sought to enjoin GRAAL and Ingram from "doing any act on the . . . property that could not have been done under the prior agricultural zoning." Appellants also sought to invalidate "all action" taken at the October 23 meeting. The County defendants filed a motion to dismiss, or, in the alternative, for summary judgment. GRAAL and Ingram joined the motion. A hearing was held on the application for an interlocutory injunction and on the defendants' motion. After considering the evidence presented at the hearing and the parties' submissions, the trial court ruled that the post-hearing conference that took place on October 23 was not a "meeting" under the Act and, therefore, granted summary judgment to the defendants. This ruling is enumerated as error.

The Act provides that "all meetings . . . shall be open to the public" and that "[a]ny . . . official action of an agency adopted . . . at a meeting which is not open to the public as required by this chapter shall not be binding."[6] The Act defines a "meeting" as

the gathering of a quorum of the members of the governing body of an agency . . . pursuant to schedule, call, or notice of or from such governing body or committee or an authorized member, at a designated time and place at which any public matter, official business, or policy of the agency is to be discussed or presented or at which official action is to be taken.[7]

The Act sets out a two-prong test to determine its applicability: "first, is the meeting one of a 'governing body of an agency' or any committee thereof?; and second, is the meeting one 'at which official business or policy of the agency is to be discussed or at which official action is to be taken?' "[8] Under this test, the Board is an entity to which the Act applies,[9] and, presumably, four of five county commis-

---

[5] See OCGA § 50-14-1 (a) (2).

[6] OCGA § 50-14-1 (b). See *Beck v. Crisp County Zoning Bd. of Appeals*, 221 Ga. App. 801, 804 (472 SE2d 558) (1996).

[7] OCGA § 50-14-1 (a) (2).

[8] (Citation and punctuation omitted.) *Red & Black Publishing Co. v. Bd. of Regents*, 262 Ga. 848, 853 (3) (427 SE2d 257) (1993).

[9] See *Claxton Enterprise v. Evans County Bd. of Commrs.*, 249 Ga. App. 870, 873 (2) (549 SE2d 830) (2001), citing OCGA § 50-14-1 (a) (1) (B), (C).

sioners constitutes a quorum. But the evidence establishes conclusively that the post-hearing conference was not held "pursuant to schedule, call, or notice . . . at a designated time and place" and, significantly, that no "official action" was taken at the gathering. Commissioner Powell testified at the interlocutory hearing that he did not "call" the conference. Rather, the County attorney gathered the parties after the hearing to explain the reasons for the judge's adverse ruling. According to Powell, the attorney explained that the commissioners could not initiate a rezoning; rather, it would be up to GRAAL and Ingram to go back to the zoning board. The attorney also cautioned White regarding certain procedural requirements regarding the posting of signs.[10] Powell further testified that the commissioners did not take any votes or make any decisions at the conference, and White testified that the commissioners did not give him any direction about how to proceed with any rezoning of the property at issue.

Appellants argue that it can be inferred from White's testimony that official business was transacted at the meeting, thereby rendering the grant of summary judgment erroneous. We disagree. White testified that at the conference, someone mentioned that GRAAL "would probably want to come back and rezone," and if that were the case, White would need to follow the correct procedural requirements. The new application was filed the following week. Appellants argue that White's testimony permits an inference that at the conference, the commissioners "instigated" the filing of a new zoning application.

> [S]ummary judgment law does not require the movant to show that no issue of fact remains but only that no genuine issue of material fact remains; and while there may be some shadowy semblance of an issue, the case may nevertheless be decided as a matter of law where as here the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion.[11]

Even if some shadowy semblance of an issue exists regarding whether any business or policy was discussed at the conference, there remains uncontradicted evidence that the "gathering" was not held "pursuant to schedule, call, or notice . . . at a designated time

---

[10] Defendants asserted that the conference was protected by attorney-client privilege pursuant to OCGA § 50-14-2 (1). The trial court ruled at the hearing that Ingram's presence defeated the privilege. The trial court did not address this ruling in its order, and we express no opinion thereon.

[11] (Citation and punctuation omitted.) *Ramsey v. City of Forest Park*, 204 Ga. App. 98, 100 (2) (d) (418 SE2d 432) (1992).

and place."[12] Therefore, the conference did not constitute a "meeting" within the meaning of the Act.

Finally, even if the Act had been violated, summary judgment still would be proper. OCGA § 50-14-1 (b) provides that any official action taken at a meeting held in violation of the act "shall not be binding." Here, it is undisputed that no official action was taken at the conference. Rather, the official action was taken subsequently, pursuant to the rezoning process that culminated on November 18. Appellants conceded that the actions taken subsequent to the conference — the posting of signs, publication of notices, and holding of hearings — all complied with the local zoning ordinance. Therefore, the conference at issue cannot serve as a basis for invalidating the rezoning of the subject property.[13]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 8, 2009.

*Worthington & Flournoy, Samuel W. Worthington III*, for appellants.

*Haygood, Lynch, Harris, Melton & Watson, C. Robert Melton, Denney, Pease, Allison & Kirk, Ray L. Allison, Wayne Jernigan*, for appellees.

---

[12] OCGA § 50-14-1 (a) (2).

[13] See *Bd. of Commrs. v. Levetan*, 270 Ga. 544, 549 (512 SE2d 627) (1999) (the Act "contains no provision authorizing a court to invalidate an ordinance on the ground that the subject matter of the ordinance was previously discussed at meetings that violate the [A]ct"); *Schoen v. Cherokee County*, 242 Ga. App. 501, 503 (2) (530 SE2d 226) (2000) (subsequent actions taken by board commissioners to reaffirm actions allegedly taken in private meeting governed by attorney-client privilege rendered lawsuit moot).